## ELLIS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 1, September Term, 1958.]

*Decided October 23, 1958.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Per Curiam.

This is an application by James O. Ellis for leave to appeal from the denial of a writ of *habeas corpus.* Petitioner was convicted by the Criminal Court of Baltimore on November 6, 1951, of robbery with a deadly weapon and larceny of an automobile. He was sentenced to fifteen years in the peni-

tentiary on the former charge, and five years on the latter, to be served concurrently. This is his seventh application for a writ.

In essence the principal allegations of the petitioner are threefold: (a) he was not permitted to summon witnesses; (b) a jury trial is mandatory in felony cases; and (c) there was no proof that a weapon was used in the crime.

Although the petitioner states he "was not allowed the opportunity to contact" witnesses, he does not allege that he requested the issuance of summons and that this request was denied, or that he protested their absence to the trial judge. The contention that there was a denial of the right to produce a witness, even if true, does not constitute a basis for granting a writ of *habeas corpus*. *Snyder v. Warden,* 214 Md. 606; *Legrand v. Warden,* 205 Md. 662.

The petitioner does not allege that he requested a jury trial. Indeed the record shows a trial by the court was asked by his attorney. Trial by the court in criminal cases, including capital cases, at the election of the accused, is a customary and approved procedure in Maryland. *Byrd v. Warden,* 210 Md. 662, *certiorari* denied 352 U. S. 932; *Grammer v. State,* 203 Md. 200, *certiorari* denied 347 U. S. 938.

The contention that there was no proof of the use of a weapon is an attempt by the petitioner to gain a new trial and relitigate the issues under the guise of a petition for a writ of *habeas corpus*. Questions as to the weight and sufficiency of evidence are not reviewable on *habeas corpus*. *Smith v. Warden,* 214 Md. 666, 667; *Ford v. Warden,* 214 Md. 649, 652.

The other contentions the petitioner has raised are unsubstantiated, abstract allegations and, consequently, will not be considered.

*Application denied, with costs.*