McCLUNG *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 46, September Term, 1959.]

*Decided November 24, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

In his petition for post conviction relief, the petitioner on his own behalf, and his court-appointed counsel for him, assigned twenty-four reasons for the relief sought, many of which were frivolous and repetitious. However, on this application for leave to appeal he abandoned all of his former contentions except the principal one raised in the lower court. In effect he now contends that because the State failed to afford him the means to move for a new trial and to file a "pauper's" appeal, he was deprived of procedural due process and equal protection of the laws in that the neglect to provide

him with a transcript of the testimony has prevented him from ascertaining whether he was convicted on false testimony and whether any of his constitutional rights have been infringed.

The record is clear that the applicant, who was represented at his trial by an experienced and competent lawyer, did not move for a new trial, enter an appeal, complain to the court that he was without means to secure a transcript or seek relief of any sort. In his petition for post conviction relief filed more than a year after his conviction, the applicant stated that he did not know that, within either of the respective periods of time he had to move for a new trial and (or) enter an appeal, or that he had a right to demand a transcript at the expense of the State and without cost to himself.

With respect to the issue now before us, the trial court (Niles, C. J.) properly ruled that the failure of the applicant —through indifference, ignorance or otherwise—to seasonably demand the transcript he now claims he needed to protect his legal and constitutional rights, did not entitle him to any post conviction relief. We agree. See *Brown v. Warden,* 221 Md. 582, 155 A. 2d 648 (1959).

*Application denied.*