[P. C. No. 56, September Term, 1959.]

*Decided January 14, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

GALLOWAY *v.* WARDEN OF MARYLAND
PENITENTIARY

[P. C. No. 57, September Term, 1959.]

612

*Decided January 14, 1960.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Hammond, J., delivered the opinion of the Court.

George Galloway, the petitioner, was tried before Judges Dickerson and Sayler of the Criminal Court of Baltimore City on September 26, 1945, for four burglaries, two assaults with intent to murder, one rape, one assault with a deadly weapon, and the usual lesser crimes which accompany such charges. He was found guilty of rape and sentenced to life imprisonment; as to the other crimes, he was convicted of four rogue and vagabond charges, of the two assaults with intent to murder, of one burglary, and of the assault with a deadly weapon, for which crimes he was sentenced to a total of thirty-seven years imprisonment to run concurrently with the life sentence.

Years later, Galloway brings this petition for relief under the Post Conviction Procedure Act in which, asserting innocence, he contends that:

(1) His rights to due process were violated by those in authority prior to and during trial;

(2) The police of Baltimore City framed him;

(3) The prosecuting witness perjured herself in mistakenly identifying him, since only after considerable police coaching did she say that "she thought he looked like the man";

(4) As evidenced by a quotation from a contemporary news article, the trial judge gave him a life sentence instead of the death penalty because of the "bare possibility that the prosecuting witness in the rape case might have mistakenly identified him" and, therefore, there being doubt, he should not have been convicted;

(5) His past record was used to convict him;

(6) His alibi witnesses were never called;

(7) His court appointed lawyer did not defend him properly.

Counsel was appointed to represent the petitioner below and

a hearing was held from which petitioner was absent (his presence is not mandatory under the Act. *Plump v. Warden,* 220 Md. 662.) At the hearing the additional complaint was made that petitioner had been unable to secure a fair and impartial jury in that he could not get one composed exclusively of members of his own race. Judge Cullen dismissed the petition and leave to appeal is sought.

The lack of specifics prevents contentions one and two from having significance or force. Likewise, the allegation of perjury and police coaching in the third contention shows nothing to indicate any state participation in the use of the alleged perjured testimony beyond "police coaching," a term which, without particularization, is too general to constitute a basis for relief. In addition, this contention, like the fourth, fifth and sixth, involves the sufficiency of the evidence and the question of guilt or innocence, which could have been raised on appeal but is not now available. *State v. D'Onofrio,* 221 Md. 20; *Price v. Warden,* 220 Md. 643. The alleged ineptitude of counsel claimed in his seventh contention cannot help petitioner. *Banks v. Warden,* 221 Md. 592.

As to Galloway's contention raised at the hearing below that he should have been tried by a jury exclusively composed of members of his own race, there is nothing to indicate that he even requested a jury, much less a jury so constituted. He was represented at trial by competent, experienced counsel, and, without implying that the contention has merit, we point out that it was not raised then and therefore was "waived in the proceedings resulting in the conviction." Code (1959 Cum. Supp.), Art. 27, sec. 645A (a). Cf. *Grammer v. State,* 203 Md. 200.

*Application denied.*