## DIGGS, ALIAS GREEN *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 43, September Term, 1959.]

*Decided January 21, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal under the Uniform Post Conviction Procedure Act.

Applicant's petition was denied by Judge Cullen, sitting in the Criminal Court of Baltimore, on July 2, 1959. He was given a hearing in the matter, and counsel was appointed to represent him in the proceedings.

The applicant was indicted on a charge of assault with intent to rob with a deadly weapon and he was convicted on April 9, 1956, by Judge Joseph L. Carter, and thereafter sentenced to twenty (20) years in the Maryland Penitentiary. No motion for new trial was requested, nor was any appeal taken.

He raises the following contentions for relief under the Post Conviction Procedure Act:

1. Has new evidence, facts and oral testimony that he is innocent.

2. Evidence produced at his trial was insufficient to convict.

3. Police framed him and falsely accused him of said charge.

4. Was, in effect, denied the right to appeal as a result of a misunderstanding between him and his court appointed attorney, *viz.,* applicant's attorney informed applicant prior to the trial that in the event applicant was convicted, an appeal would be taken.

5. Case was improperly conducted by applicant's State appointed lawyer, who failed to call witnesses and to note an appeal, and applicant was not advised of his right to have an appeal noted.

As to the first and second contentions, this Court has held that they are not available in collateral proceedings. It was

stated in *Ricail v. Warden*, 210 Md. 664, 123 A. 2d 908, as follows:

> "Petitioner cannot make use of *habeas corpus* to offer evidence of an alibi or other proof of innocence. *Buffington v. Warden*, 201 Md. 642. In short, as stated in *Rountree v. Wright*, 189 Md. 292, where one of petitioner's contentions was that he had newly discovered evidence that he did not commit the crime of which he was accused, the question of guilt or innocence and the sufficiency of evidence to convict cannot be retried on *habeas corpus*. *Medley v. Warden*, 207 Md. 634; *Martucci v. Warden*, 202 Md. 648. Petitioner here is merely attempting to have *habeas corpus* procedure serve as an appeal or as a motion for a new trial and this he cannot do. *Buffington v. Warden, supra.*"

The third contention made by the applicant that he was "framed" is an allegation in such general terms, without particularization, that it also cannot serve as a basis for relief. *Galloway v. Warden*, 221 Md. 611, 157 A. 2d 284.

Fourth, the alleged denial of a right to appeal because of erroneous advice given by counsel is likewise without merit in these proceedings. *Hall v. Warden*, 214 Md. 660, 136 A. 2d 380.

The alleged improprieties of counsel in the conduct of the case, which have been raised by the applicant as his fifth point of error, were not complained of to the trial court at the time of his trial. See *Faught v. Warden*, 205 Md. 639, 109 A. 2d 56; *Hall v. Warden*, 214 Md. 660, 136 A. 2d 380.

*Application denied.*