JONES *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 90, September Term, 1959.]

*Decided April 18, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of post conviction relief.

At his first trial for the murder of his wife, the petitioner was convicted of first degree murder by a jury in Howard County and was sentenced to death. On a direct appeal to this Court that judgment was reversed and remanded for a new trial because the lower court erred in a ruling on the admissibility of evidence tending to support the theory of self-defense. See *Jones v. State,* 182 Md. 653, 35 A. 2d 916 (1944). On remand the petitioner sought a change of venue and the case was removed for trial to Montgomery County, where the petitioner was convicted by a jury of murder in the first degree *without capital punishment,* and was—as the law required—sentenced to imprisonment for life. The petitioner did not appeal from this judgment and sentence. Though he has served more than fifteen years of the life sentence, he has been denied parole. The record does not show why, but it is apparent that the denial of parole motivated the filing of this petition for post conviction relief.

In his petition, the petitioner contends (i) that he was denied the right to appeal from the life sentence because he was without funds to pay fees and costs; (ii) that he was "forced" to remove the case from Howard to Montgomery County mainly because the trial court was not impartial; and (iii)—which is a counterpart of (i)—that, because of his indigency, he was effectively denied due process and equal protection of the law.

The petitioner, who was personally present and represented by court-appointed counsel at the hearing, testified that a change of venue was sought because "the judge" refused to accept his offer to plead guilty of manslaughter; that his second trial was fair in every respect; and that the only reason for wanting to appeal the second conviction was because he thought the verdict should have been no more than manslaughter since he had shown he acted in self-defense.

At the conclusion of the hearing, counsel for the petitioner properly conceded that the only relief sought was either a "delayed appeal or else * * * a new trial of the case" on the ground that "he was denied the right to appeal" because he was indigent. On this issue, Pugh, J., found as a fact that the question of self-defense had been properly raised, litigated and disposed of at the second trial, and that since the petitioner had not seasonably noted an appeal [in 1943], he was not entitled to a delayed appeal [in 1959]. We agree. *Fowlkes v. Warden,* 222 Md. 613, 159 A. 2d 867 (1960). Cf. *McClung v. Warden,* 221 Md. 596, 155 A. 2d 893 (1959).

*Application denied.*