GAMBLE *v.* WARDEN OF MARYLAND
PENITENTIARY

[P. C. No. 107, September Term, 1959.]

*Decided June 14, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

This is an application for leave to appeal from the denial of post conviction relief.

The applicant, who was convicted of murder in the second degree of one victim and of assault with intent to murder another victim, was sentenced to eighteen years for the graver offense and to five years for the lesser offense, the sentences to run consecutively. In his application for relief the appli-· cant complained (i) that he was innocent; (ii) that the evidence was insufficient to justify conviction; (iii) that he was denied his right of appeal because his trial counsel did not inform him of such right; (iv) that three of the state's witnesses committed perjury though it was not alleged that the State knew of or participated in the use of perjured testimony; (v) that the trial of the case was improperly conducted though it was not alleged that he complained to the court of the incompetence of his counsel; (vi) that he was informed and believed that a "person or persons withheld evidence" favorable to the applicant; and (vii) that the sentence of eighteen years for second degree murder was excessive.

Even a cursory examination of these contentions will disclose that none states a justiciable ground for relief. All of them are either without merit or are the type which should have been raised either on appeal or a motion for a new trial instead of in this collateral proceeding. The action of Chief Judge Niles denying the relief sought and dismissing the petition was therefore proper.

In separate requests addressed to and filed in this Court, the applicant asked for transcripts of the record of the original trial and of the post conviction hearing. These requests are denied. There is nothing in the record forwarded with this application for leave to appeal to indicate that either transcript would serve any useful purpose. *Ingram v. Warden,* 221 Md. 597, 155 A. 2d 668 (1959). See also *McClung v. Warden,* 221 Md. 596, 155 A. 2d 893 (1959).

*Application denied.*