## DANIELS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 100, September Term, 1959.]

*Decided June 14, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal under the P. C. P. A.

The applicant was found guilty of statutory burglary by Judge Allen, after a plea of not guilty, in the Criminal Court of Baltimore and sentenced to three (3) years in the Maryland House of Correction. He was represented by court-appointed counsel both in the original hearing and in this proceeding below.

He first complains that he is innocent, and asserts that an unnamed itinerant barber is the guilty party. The question of guilt cannot be considered in a collateral proceeding. *Turner v. Warden,* 220 Md. 669, *Barbee v. Warden,* 220 Md. 647.

The file indicates that the applicant has made several unsuccessful attempts to identify and locate the alleged thief, and he seeks to have this Court summon named persons, who, allegedly, know the identity of the person, whom he claims actually committed the crime. This Court, lacking original jurisdiction, cannot take additional testimony.

He also claims that he has newly discovered evidence, which, even if true, will avail him naught in a proceeding of this nature, *Barbee v. Warden, supra,* since it was not sufficient to justify the issuance of a writ of *coram nobis.* Cf. *Madison v. State,* 205 Md. 425.

His last contention is that the court, at his original trial, had improperly considered a medical report prior to rendering a verdict; which said report contained information that disclosed the petitioner has been previously convicted of crimes. The contention is utterly without merit. The record shows that his court-appointed attorney requested the court to obtain the medical report, and, while it did show the

petitioner's previous convictions, he had already testified to them on cross-examination.

*Application denied.*