## MONROE *v.* DIRECTOR OF PATUXENT INSTITUTION

[P. C. No. 114, September Term, 1959.]

*Decided July 14, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

At a non-jury trial before Judge W. Albert Menchine in the Circuit Court for Baltimore County, William R. Monroe, represented by experienced and competent counsel of his choice, was convicted of armed robbery. After an investigation by the Probation Department, a sentence of twelve years was imposed on January 15, 1959, with a recommendation that the prisoner be confined in the Patuxent Institution.

On May 8, 1959, Monroe filed a petition under the Post Conviction Procedure Act in which he alleges insufficiency of the evidence to convict, improper admission of evidence, prejudice by the court because of his past record, and ineptitude and lack of diligence of his lawyer at the trial.

Judge Raine found the applicant's contentions to be unavailing in a post conviction procedure case. We agree. *Galloway v. Warden*, 221 Md. 611; *Price v. Warden*, 220 Md. 643; *Diggs v. Warden*, 221 Md. 624; *Niblett v. Warden*, 221 Md. 588.

There remains one other matter for consideration that was not raised properly below and is not properly before us. At the post conviction hearing, after Monroe's appointed counsel (who Judge Raine noted had been most diligent and thorough in his preparation and presentation of the case) had argued his client's contentions referred to above and Judge Raine had rejected them from the bench, the lawyer, seemingly as an afterthought, told the court of his client's claim that he had attempted a timely appeal from his original judgment and sentence. It appears that on April 17, 1959, Monroe had written a letter which was referred to the Administrative Officer of the Courts of Maryland, asking for a free transcript of the proceedings of his original trial for use in appealing (one was furnished him later). The Administrative Officer advised him on April 20 that the docket entries of the Circuit Court for Baltimore County showed that he had been sentenced on January 15, 1959, that the time for appeal had expired on February 16, 1959, and that the docket entries did not show that any appeal had been filed. Monroe replied on April 21 that he had sent his notice of appeal on February 10 and did not know what could have happened to it. On April 24, the Administrative Officer again told Monroe that there was no letter on file in the Circuit Court for Baltimore County requesting an appeal, and added: "May I suggest that you proceed under the Post Conviction Procedure Act, a copy of which I enclose. In this way it may be determined whether in fact you did file an appeal and within the time required."

Notwithstanding this advice, Monroe's petition for post conviction relief, prepared by him, and filed on May 8, set forth only the contentions which have been referred to and made no mention of, or reference to, an attempt to appeal. His letter to the Court of Appeals, which was treated as an application for leave to appeal from denial of post conviction relief, likewise made no reference to any attempt to appeal from his original judgment and sentence.

It is apparent that the alleged attempt to appeal was not properly before the lower court, and Judge Raine's remark that if it be assumed that the applicant had done as he said, he would not be entitled to relief because it was not claimed that any official of the State had thwarted or impeded the attempt to appeal, should be taken as a passing comment in colloquy and not as a definitive holding or judgment. Code (1959 Supp.), Art. 27, Sec. 645D, provides that the petition seeking post conviction relief shall "specifically set forth the grounds upon which the petition is based * * *" and that "All facts within the personal knowledge of the petitioner shall be set forth separately * * *." Section 645F authorizes the amendment of the petition to incorporate any grounds for relief not originally included. Section 645H provides that "All grounds for relief claimed by a petitioner under this subtitle must be raised in his original or amended petition, and any grounds not so raised are waived unless the court finds in a subsequent petition grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

It is manifest that under the statute any ground which is claimed or is to serve as a basis for relief must be set forth in either an original or amended petition. The case before us is a patent example of actual waiver (which the statute directs to be inferred in such case) by failure to state a known ground for relief in the petition. The Administrative Officer explicitly and specifically told Monroe that he should raise his alleged attempt to appeal in his post conviction proceeding. In the face of this clear warning, he failed to do so. His counsel, who had made a thorough investigation of the case and who advised the court that he thought none of Monroe's rights had been violated as far as the attempt to appeal was concerned, did not see fit to amend the petition and to rely on that ground, as this Court said at page 591 of 221 Md. in *Niblett v. Warden, supra,* counsel should do and the trial court should require if a valid ground had been omitted from the petition. It is our view that there has been a clear waiver of any reliance on the attempt to appeal on February 10 referred to in Monroe's letter to the Administrative Officer of

664

April 21. *Jackson v. Warden,* 218 Md. 652; *Jordan v. State,* 221 Md. 134, 139 *et seq.*

*Application denied.*

BRUNE, C. J., concurs in the foregoing opinion as to denying leave to appeal on account of alleged insufficiency of evidence, improper admission of evidence, prejudice by the court because of the applicant's past record and ineptitude and lack of diligence of his trial counsel, but is of the opinion that the case should be remanded to permit amendment of the petition to present any facts which the applicant may be able to adduce in support of his claim for a belated appeal.