## SCOTT *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 13, September Term, 1960.]

*Decided October 13, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

James Andrew Scott, the applicant for leave to appeal, was denied relief by Judge Evans on an application filed under the Uniform Post Conviction Procedure Act. He was sentenced by Judge Michaelson in the Circuit Court for Anne Arundel County to eighteen years imprisonment for murder in the second degree. By the present proceeding Scott seeks his release or a belated appeal. In connection with the latter he seeks a copy of the transcript of the record of his trial.

Scott was tried before Judge Michaelson and a jury in the above Court on January 31, 1958, on an indictment charging murder. The jury found him guilty of murder in the first degree. Scott filed a motion for a new trial, and sentence (which would necessarily have been either death or life imprisonment if the verdict of first degree murder had stood) was suspended. Judge Michaelson granted the motion for a new trial on February 8, 1958. Immediately thereafter—apparently pursuant to arrangements between the State and defense trial counsel—further proceedings were had to dispose of the case that day. Scott was present throughout those proceedings (and, it would seem, at the time when the Judge ruled on the motion for a new trial). Scott was informed by his counsel prior to these proceedings of the effort to work out an agreement under which Scott would plead

guilty to a charge of murder in the second degree and the State would accept such a plea. Scott was rearraigned at the start of the proceedings following the granting of his motion for a new trial. He entered a plea of guilty of murder in the second degree. The Judge then stated to Scott (*inter alia*) that the Court had "determined that the jury's verdict was perhaps an extreme verdict under all the evidence in the case, and it has granted you a new trial." The Judge went on to say: "And now you're being asked to plead to the same charge in order to determine whether you're guilty or not guilty. You say to the Court that your plea is that you plead guilty to the murder in the second degree, is that correct?" To this Scott replied, "Yes, sir." Scott was then handed a paper as to which he was questioned by his counsel and which he read and signed. This document was offered in evidence at the Post Conviction hearing. Its substance as stated by the State's Attorney is included in the transcript, but no copy of the paper itself is so included. It appears that by this document (1) Scott waived a jury trial and elected to be tried by the Court sitting without a jury, (2) he authorized his counsel to agree with the State's Attorney that the record of the proceedings in the first trial both for the State and in his own behalf be introduced in evidence at his trial on February 8th, and (3) he repeated his plea of guilty of murder in the second degree. Furthermore, a transcript of what took place at the arraignment and subsequent proceedings on February 8th, 1958, contains an oral statement by Scott's trial counsel of like import. It also shows an express oral waiver of the right to be tried again before a jury and an election to be tried before the Court. The Judge, who had heard the case when tried with a jury only a few days before and who had just ruled on the motion for a new trial, then made a finding of guilty of murder in the second degree.

The reason for submitting the case to the court for trial after the plea of guilty had been entered, or for agreeing so to submit it, is not readily apparent to us. Cf. *Jones v. State,* 221 Md. 141, 156 A. 2d 421. It certainly does not seem to have prejudiced any right of Scott's; on the contrary, it may have given him more than he was entitled to. In the some-

what obscure situation presented by this dual procedure we find it unnecessary to determine whether or not the plea of guilty amounted to a waiver of the right of appeal.

Scott alleges five grounds upon which he seeks relief by Post Conviction proceedings. The first three are as follows:

1. That at no time before the alleged new trial had the petitioner been informed by his counsel that he had been awarded a new trial.

2. That he was not given time to prepare for his defense at the new trial.

3. That he was not permitted to enter a plea, nor did his attorney offer any defense for him at his new trial.

After a full hearing, at which Scott testified, Judge Evans found adversely to him on all of these matters. His findings thereon were primarily factual, and we find nothing in the record which would call for the allowance of an appeal to review any of them.

Scott's fourth and fifth contentions are as follows:

4. That after the trial he was without funds to employ counsel to represent him on appeal or to obtain a transcript of the proceedings.

5. That he was abandoned by his counsel and was ignorant of his right to petition the court so that an appeal could have been taken in forma pauperis; therefore he is entitled to a delayed appeal.

As to these Judge Evans also found adversely to Scott both as a matter of law and as a matter of fact.[1] As to the fourth contention it has been held by this Court that where no effort to appeal has been made within the time permitted by law, mere indigency and the consequent inability to pay for the

---

1. One or two relatively minor factual findings—that Scott admitted he was fortunate to be sentenced to eighteen years instead of death or life imprisonment and therefore made no effort to appeal or to contact his lawyer and that it was two or three months after the trial before he thought of appealing—seem to be based on statements not contained in the transcript. Neither of them is of any controlling effect and we may disregard them.

record are not grounds for relief under the Post Conviction Procedure Act. *Jones v. Warden,* 222 Md. 615, 159 A. 2d 822; *Wilson v. Warden,* 222 Md. 580, 158 A. 2d 103; *Brown v. Warden,* 221 Md. 582, 155 A. 2d 648. Since he is not entitled to a delayed appeal, no useful purpose would be served by furnishing him a copy of the transcript of proceedings at the trial for use on such an appeal. *Carroll v. Warden,* 222 Md. 618, 159 A. 2d 851.

As to the fifth contention, (and assuming but not holding that Scott had not waived any right of appeal by his plea of guilty), we may add that failure to advise a defendant of his right to appeal is not the equivalent of a denial of the right and is not a ground for relief under the Post Conviction Procedure Act. *Northington v. Warden,* 221 Md. 586, 155 A. 2d 651, and cases therein cited on this point; *Dorris v. Warden,* 222 Md. 586, 158 A. 2d 105.

*Application denied.*