## WRIGHT *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 21, September Term, 1960.]

*Decided November 17, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal under the Post

Conviction Procedure Act. The applicant alleged in his petition for relief that he was unable to employ counsel and the court appointed an attorney to represent him. A hearing was begun on June 2, 1960, and concluded on June 6, 1960, at which the applicant and various witnesses appeared and testified. The petition was denied by Judge Duer of the Circuit Court for Wicomico County.

The applicant was originally indicted for arson. At his first trial, the jury was unable to agree. Upon his second trial on the same indictment, he was convicted by a jury; and, thereafter, sentenced to ten (10) years in the Maryland Penitentiary. This Court affirmed. *Wright v. State,* 219 Md. 643. On October 12, 1959, the United States Supreme Court denied the applicant's petition for writ of certiorari. No. 183, Misc., *Wright v. Maryland,* 4 L. Ed. 2d 90. The applicant also has applied for two writs of *habeas corpus* (p. 32 of transcript of testimony).

The applicant raises only one contention as a ground for relief under the Post Conviction Procedure Act, that is, that he was convicted on perjured testimony and that the State knowingly used such testimony. He further alleges that he discovered these facts after the conclusion of his criminal trial. After a thorough consideration of the question in issue, the lower court decided that the conviction of the applicant was not obtained by perjured testimony. A careful reading of the record discloses that the applicant's allegations are totally without substance: it not only shows that Judge Duer's finding was not "clearly erroneous," which would be necessary in order for us to reverse, Maryland Rule 741 (c), but that he was clearly right. Furthermore, there was no evidence presented at the hearing that even indicated the state or any of its officers knowingly used perjured testimony in order to obtain a conviction.

*Application denied.*