## SMITH v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 50, September Term, 1960.]

*Decided April 10, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

PER CURIAM.

The applicant, Eugene Quinton Smith, was tried in December, 1957, before two judges of the Circuit Court for Montgomery County, sitting without a jury, and was found guilty of murder in the first degree. In January, 1958, sentence of life imprisonment was imposed.

His second amended petition under the Uniform Post Con-

viction Procedure Act sought a belated appeal and alleged as the only basis for relief that "the petitioner at the time of conviction and sentencing was ignorant and illiterate and unable to perfect his right of appeal." At the hearing on this petition before Judge Pugh both of Smith's experienced and court-appointed trial counsel testified. One "presumed" that he had discussed the matter of appeal with Smith, though he had no specific recollection of having done so. He thought that Smith had no basis for an appeal. Smith's other trial counsel testified that he had told Smith he could appeal, but that he (counsel) would not represent him on appeal because Smith had no grounds for an appeal. Each of them stated that Smith made no request to note an appeal. Smith also testified at the hearing. Judge Pugh concluded, correctly we think, that the applicant was ably represented by competent counsel and that his constitutional rights were fully protected.

We think the evidence amply supports a finding that Smith was informed of his right of appeal. Even if he had not been so informed, clearly there was no denial by the State of his right of appeal; and hence we find no basis for allowing a belated appeal. See *Dorris v. Warden,* 222 Md. 586, 158 A. 2d 105; *Scott v. Warden,* 223 Md. 667, 671, 164 A. 2d 270; *Northington v. Warden,* 221 Md. 586, 155 A. 2d 651.

Other grounds for relief alleged in the original petition or in the first amended petition were evidently abandoned when the second amended petition was filed. They presented no ground for Post Conviction relief. There is nothing to suggest that a copy of the trial transcript could be of any use to the applicant in his effort to obtain a belated appeal; and even if his request therefor had been pressed it would have been properly refused. *Scott v. Warden, supra.* See also *Truesdale v. Warden,* 221 Md. 617, 621, 157 A. 2d 281; *Carroll v. Warden,* 222 Md. 618, 159 A. 2d 851.

*Application denied.*