## MARTIN *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 3, September Term, 1961 (Adv.).]

*Decided July 11, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

The applicant was tried and was convicted by a jury on
June 15, 1960, in the Circuit Court for Montgomery County,
on a charge of assault with intent to commit rape. The con-
viction was "without capital punishment." On the same day,
he was sentenced to five years' imprisonment in the Peniten-
tiary. The applicant alleged that he was denied his right of
appeal by the State, that he was convicted on perjured testi-
mony knowingly used by the State and that his counsel did
not properly represent him at the trial.

At his Post Conviction hearing, the applicant testified at
some length. (He did not testify at his original trial.) Judge
Pugh found against him on the facts on his claim that the
State denied him his right of appeal, and found that the delay
in filing his appeal was due to the applicant himself. We see

no basis for disturbing this finding. The applicant's own delay affords no ground for Post Conviction relief. *Hamilton v. Warden,* 220 Md. 657, 152 A. 2d 125.

A mere claim that testimony against him was perjured is not sufficient for Post Conviction relief, and the claim that the State knew it to be perjured comes down to no more than the applicant's bald assertion to that effect and argument as to why some of the testimony against him should not have been believed. This is not sufficient to show knowing use by the State of perjured testimony. *Wright v. Warden,* 223 Md. 684, 685, 165 A. 2d 144. See also *Wilson v. Warden,* 222 Md. 580, 158 A. 2d 103, cert. den. 364 U. S. 841.

In connection with this phase of the case, we note that the applicant sought below a copy (at State expense) of the transcript of his original trial. Neither the applicant's own testimony nor anything else indicates that it would have been of any use to him in this proceeding—the applicant seems to have wanted it mainly for use at a new trial (if granted)—, and it was properly not supplied. *Truesdale v. Warden,* 221 Md. 617, 621, 157 A. 2d 281.

The trial court also found against the applicant on the facts on his claim that he was inadequately represented by counsel at the original trial, and we see no basis upon which to consider his finding erroneous.

*Application denied.*