## WHITE, SR. *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 18, September Term, 1962.]

*Decided October 22, 1962.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal under the P.C.P.A. In his petition below, applicant asserted seven grounds as to why he thought he was entitled to relief. The reasons set forth in Judge Niles' opinion below clearly show that grounds 2 through 7, both inclusive, avail him nothing. His first contention was couched in the form of a question: "Did petitioner's attorney defend him properly?" It will be immediately noted that this first question failed to comply with the Acts of 1958, Ch. 44, Section 645 D, in force at the time of the filing of his petition (this Act was repealed by the Acts of 1962, Ch. 36 §

1, and is now, in amended form, found in Maryland Rule BK 41, effective as of January 1, 1962), wherein it was provided that the petition should "specifically set forth the grounds upon which the petition is based." In addition, his very experienced and able counsel, Herbert Myerberg, Esquire, appointed by the court, did not offer any evidence on this point, nor did he press it in argument below. The record before us fails to show any ineptitude on the part of his counsel at his original trial, much less such a lack of proper representation as to violate his constitutional rights. *Smallwood v. Warden,* 205 F. Supp. 325 (U.S.D.C., D. Md.); *Turner v. State of Maryland,* 303 F. 2d 507 (U.S.C.A., 4th Cir.).

In the present application for leave to appeal, he attempts to raise three additional complaints: that he was denied the the right to have an attorney of his own choice (he fails to make it clear whether he claims that he was denied the right to *employ* counsel of his own choice at his original trial, whether he was denied the right to *select* a court-appointed attorney of his choice at said trial, or whether he was denied the right to *select* the court-appointed counsel at his post-conviction trial below); that the State suppressed evidence favorable to him; and that the State offered perjured testimony, knowing the same was untrue. It is clear that the raising of these questions for the first time in an application for leave to appeal is impermissible. Code (Cum. Supp. 1962), Article 27, Section 645 H; *Burgess v. Warden,* 221 Md. 610, 156 A. 2d 794. Moreover, it is likewise clear that the record fails to show any denial of an opportunity to *employ* counsel of his own selection at his trial; that he had no right to require the trial court to appoint counsel of his choice either at his original trial or the post-conviction hearing, compare *Sutton v. Warden,* 219 Md. 687, 149 A. 2d 375; *Murray v. Director,* 228 Md. 658, 179 A. 2d 878; and that the record fails to show the State suppressed evidence favorable to petitioner, or offered any perjured testimony (much less perjured testimony known to be false).

The petitioner also requests this Court to require the State to furnish him with a certified copy of the indictment against

him and a transcript of the testimony taken at his original trial. There is nothing in the record to show that the petitioner was not furnished a copy of the indictment before his trial, and he advances no reason for desiring a certified copy thereof at the present time. We have held that a transcript will not be required to be given to a petitioner in the absence of a showing that it would serve some useful purpose. *Gamble v. Warden,* 223 Md. 633, 161 A. 2d 450, *cert. den.,* 364 U. S. 893. We find no showing here that the furnishing of a transcript to the petitioner would serve any useful purpose.

*Application denied.*