## COOK v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 57, September Term, 1962.]

*Decided March 12, 1963.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

The application of George Edward Cook for leave to appeal from the order dismissing his petition for post conviction relief is presently before us on the further proceedings had in the lower court pursuant to the remand for that purpose in *Cook v. Warden*, 229 Md. 636.

On remand, Judge Shook stated the nine questions presented and considered them in groups or separately. The reasons the

hearing judge gave for denying seven (there is no need to specify them) of the nine questions the petitioner had posed were on the whole adequate and correct, and we sustain the action of the lower court as to these seven contentions.

The other two questions involved (i) a contention that the State withheld evidence pertaining to the petitioner's clothing and (ii) a contention that the police searched the petitioner's home and seized certain evidence without a warrant. Neither of these questions was raised on the direct appeal in *Cook v. State,* 225 Md. 603, *cert. den.* 368 U. S. 970, and, so far as we can tell from the record, neither was raised at the original trial.

In disposing of these two contentions, the hearing judge ruled that they were not reviewable in a collateral proceeding. Without passing on the correctness of the ruling, it is apparent —since each is stated in general terms and no specific facts are alleged in support of either—that each contention is too indefinite to constitute a basis for post conviction relief and that the denial thereof was proper. See *Galloway v. Warden,* 221 Md. 611; *Diggs v. Warden,* 221 Md. 624. See also Maryland Rule BK41.

*Application denied.*