## PALMER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 2, September Term, 1963 (Adv.).]

*Decided July 15, 1963.*

Before the full Court.

PER CURIAM.

We deny leave to appeal from the denial of the applicant's petition for the reasons set forth in Judge Foster's opinion in the Criminal Court of Baltimore for denying relief and dis-

missing the petition, and for an additional reason set forth below as to ground No. 6 of the petition.

The applicant was convicted on March 2, 1961, on a charge of having sold heroin on October 10, 1960. He was arrested on that charge in January, 1961. The dates of the offense and of the arrest are stated in his application for leave to appeal, but do not appear in his original petition. With this additional information before us, we do not construe the applicant's sixth ground, as did Judge Foster, as charging that the conviction was based upon perjured testimony. The sixth ground is this: "The State is aware of the fact that no drugs were found on me." We take this as meaning that no drugs were found on the applicant at the time of his arrest, some three months after the sale for which he was tried and convicted. This fact is, in our opinion, wholly irrelevant to the issue of guilt on the date charged. It has no bearing on the validity of the conviction and affords no basis for post conviction relief.

In addition to repeating in substance the grounds of his application in the trial court, the applicant seeks to raise two further contentions on appeal: one that his arrest is illegal; the other, that the prosecuting officers knowingly suppressed evidence tending to exculpate him. Both contentions come too late. *White v. Warden,* 229 Md. 645, 647, 184 A. 2d 840; *Whitley v. Warden,* 222 Md. 608, 612, 158 A. 2d 905, cert. den. 364 U.S. 808. Even if not too late they are without merit. The applicant is imprisoned under the judgment of a court of competent jurisdiction following his conviction, and he is not held under his original arrest made in January, 1961, whether that arrest was lawful or (as he asserts) unlawful. His bald assertion that the prosecuting officers knowingly suppressed evidence tending to exculpate him states no facts in support of this conclusion and would be insufficient for that reason. *Martin v. Warden,* 226 Md. 658, 660, 172 A. 2d 412. If it is based upon his allegation above discussed that no drugs were found on him, which we take to refer to the time of his arrest, that evidence would have been immaterial.

*Application denied.*