## BUNN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 67, September Term, 1965.]

*Decided April 28, 1966.*

Before Prescott, C. J., and Hammond, Horney, Marbury and Barnes, JJ.

Hammond, J., delivered the opinion of the Court.

Charles Edward Bunn was convicted of larceny of an automobile by Judge Harris in the Criminal Court of Baltimore and sentenced to five years in the Maryland House of Correction. No appeal was taken. On February 17, 1965, Bunn filed a petition under the Uniform Post Conviction Procedure Act, and relief was denied by Judge Cullen.

The facts of the case are as follows: A police officer from the Millville, New Jersey, Police Department was at the location where the stolen car was stuck in the mud on the side of the road when the petitioner, a friend, and the friend's seventeen-year-old son drove up in a truck with the expectation of pulling the car from the mud. The arrest of petitioner was made on the basis of a flyer issued by the Federal Bureau of Investigation which was known to the arresting officer. During the conversation which followed at the police station, the police officer "may have said that we could probably hold the boy for helping him [petitioner] get the car out of the woods." Petitioner replied that he did not want to involve the boy and then he stated that he had taken the car in Baltimore.

Petitioner's first contention is that his confession was induced by threats. The question was considered by Judge Cullen at the hearing, and after a careful review of the transcript of the trial, he concluded that petitioner's oral statement was not induced by threats and was admissible as a voluntary confession.

Petitioner next contends that he did not have the assistance of counsel at the time he made the confession and he was not warned of his right to counsel. The circumstances of this case are outside the facts of *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977. At the hearing, petitioner admitted that he did not request counsel while being questioned by the police. Since the statement was given voluntarily, it was admissible. *Hyde v. State,* 240 Md. 661, 664, and cases cited therein.

When the trial judge sought information about the grounds on which the arrest had been made without a warrant, the contents of the F. B. I. flyer were put into evidence without ob-

jection and revealed that petitioner was wanted on the charges of breaking and entering, grand larceny, and interstate flight. Petitioner contends that this amounted to putting his prior criminal record in evidence. Judge Cullen dismissed this contention by noting that the flyer made references to crimes petitioner was accused of but not convicted of; therefore there was no introduction of a prior record. The admission of the testimony was proper since it was admitted to allow the judge to determine whether the arrest without a warrant was made with probable cause to believe that a felony had been committed and that the person arrested had committed it. *Farrow v. State,* 233 Md. 526; *Bichell v. State,* 235 Md. 395 (where F. B. I. agents arrested a suspect in response to an official request of the Baltimore City police that he be apprehended).

Petitioner's final contention relates to the weight and sufficiency of the evidence to convict. In particular, he states that the police officer's testimony was uncorroborated and the State did not establish a prima facie case. It has been stated innumerable times that such a contention must be raised on appeal and not in post conviction proceedings since post conviction relief is reserved only for the type of claim set out in Code (1965 Supp.), Art. 27, § 645A. See, *e.g., Young v. Warden,* 233 Md. 596; *Brown v. Warden,* 240 Md. 710. Petitioner does not allege that he was deprived of his right to appeal.

*Application denied.*