# TUCKER *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 148, September Term, 1965.]

332

[redacted]

*Decided June 29, 1966.*

[redacted]

Before HAMMOND, HORNEY, MARBURY, BARNES and Mc-WILLIAMS, JJ.

HAMMOND, J., delivered the opinion of the Court.

On April 28, 1965, Heber Benjamin Tucker was sentenced to ten years (later reduced to seven) by Judge McLaughlin for armed robbery following a non-jury trial at which Tucker was represented by his privately retained counsel. An appeal was noted but later dismissed on July 13, 1965.

In his petition for leave to appeal under the Uniform Post Conviction Procedure Act, Tucker made the following contentions: (1) his lawyer was incompetent in that he did not advise him of his rights and did advise him against having a jury trial; (2) there was insufficient corroboration of the testimony of the accomplice; (3) he was indicted before an unconstitutionally constituted grand jury; (4) he was not brought before a magistrate without unjust delay and before being transported across county lines; and (5) the State suppressed evidence.

. A hearing was held before Judge Rutledge and the application was denied. Judge Rutledge specifically concluded that the lawyer "did all he could possibly do with the case," and that he was in no wise incompetent. We see no reason to rule otherwise. The decision to submit to a trial by the court rather than by a jury is one of tactics and the selection of one rather than the other is not a ground for post conviction relief, *Johns v.*

*Warden,* 240 Md. 209, 212, and in the bare allegation of not being advised of his rights there is no specification of what rights and no indication that any prejudice resulted from his alleged ignorance.

Judge Rutledge's opinion indicates that the contentions most forcefully urged at the hearing had to do with the alleged perjured testimony of the accomplice, one Treadway, who pleaded guilty and testified against Tucker. The short answer to this allegation is that there is no claim that any state officer had a part in procuring perjured testimony or, at the time of trial, knew it to be perjured. Without this, the contention comes down to a claim that the conviction was a result of false testimony. This goes to the credibility of the witness, and as with the question of corroboration (the point raised in the petition) to the sufficiency of the evidence, and this is not a basis for post conviction relief. *Husk v. Warden,* 240 Md. 353; *Bunn v. Warden,* 242 Md. 399. The basis of the complaint of perjury—unsworn out-of-court statements by Treadway that Tucker was not involved in the crime—was a matter in the trial of the case and considered by the trial judge in rendering his verdict.

The last three contentions are also without merit. With the dismissal of the appeal on July 13, 1965, petitioner's case was finally decided before the decision in *Schowgurow v. State,* 240 Md. 121. See *Husk v. Warden, supra.* Matters relating to the lack of, or delay in, being presented to a magistrate deal with preliminary proceedings, and are not grounds for relief. *Niblett v. Warden,* 221 Md. 588. While a claim of suppression by the State of evidence tending to exculpate a defendant is a ground for relief under the Act, there remains the requirement that petitioner set out statements of fact which support the allegation and which he intends to prove at the hearing. *Cf. Strosnider v. Warden,* 228 Md. 663, and see *Cook v. Warden,* 231 Md. 612; and *Stevens v. Warden,* 235 Md. 684. Such was not done either in the lower court or in the petition filed in this Court which asks for leave to appeal.

*Application denied.*