RAYMOND JONES *v.* WARDEN, MARYLAND
CORRECTIONAL INSTITUTION

[App. No. 143, September Term, 1970.]

*Decided March 8, 1971.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, THOMPSON, MOYLAN, and POWERS, JJ.

*Mark Hanley* for applicant.

*Francis B. Burch, Attorney General,* and *Samuel A. Green, Jr., State's Attorney for Baltimore County,* for respondent.

ORTH, J., delivered the opinion of the Court.

On 23 September 1969 Raymond Jones was found guilty by a jury in the Circuit Court for Baltimore County of robbery with a deadly weapon and other offenses. He was sentenced to imprisonment for a total of 25 years, reduced by order of the court on 9 October to 15 years.[1] The judgments were affirmed on appeal to this Court by a per curiam opinion, *Jones v. State,* unreported, No. 378, September Term, 1969, filed 22 June 1970, mandate issued on 22 July 1970.

On 7 August 1970 Jones filed a document in proper person entitled "Petition for Amendment and Injunctive Relief." It set out that on 1 June 1970 he had filed a petition for a writ of habeas corpus with this Court which had been referred to the Circuit Court for Baltimore County. The petition was denied 9 July 1970. But attached to the petition was the sworn affidavit of Joseph Edward Harris "wherein was stated, after reciting the details of the commission of the crime as follows:

> 'I have recently made the acquaintance of a man by the name of: Raymond Jones #110266, here at this institution [Maryland Correctional Institution in Hagerstown], and I ascertain that this man was convicted for these crimes he

---

1. Upon application for review of sentence it was ordered by the review panel on 3 February 1970 that the sentence remain unchanged.

could not possibly have committed. The grava-
men of this affidavit is to remorsefully render
the truth and the fact that Raymond Jones
#110266 did not commit this robbery but that it
was I, Joseph Edward Harris.' "

The lower court treated this document as a petition for
post conviction relief. It appointed counsel, notifying
him that he was appointed to represent Jones "who has
requested a hearing under the Post-Conviction Procedure
Act." Counsel filed an "amended post-conviction applica-
tion" stating in substance what Jones had set forth in
his original document. A hearing was had on 11 Septem-
ber 1970 and the record shows that a writ of habeas cor-
pus ad testificandum was issued for the appearance of
Joseph Harris. A transcript of the proceedings is not in-
cluded in the record before us.

Maryland Rule BK45 provides that after the hearing
the court shall make an order on the petition as justice
may require, § a, and that the order shall include or be
accompanied by a short memorandum of the grounds of
the petition, the questions, including specifically the fed-
eral and state rights involved, and the reasons for the ac-
tion taken thereon, § b. A copy of the order and memo-
randum shall be sent to the petitioner, to his counsel and
to the Administrative Office of the Courts, § d. We do
not find that there was compliance with Rule BK45. In
the record is only an unsigned carbon copy of a letter
dated 30 September 1970 from Maguire, J. to Jones' coun-
sel of record, indicating a copy was sent to Jones and to
the State's Attorney's office. It reads:

"It was agreed at the hearing of your client,
Raymond Jones, who made application for relief
under the Post-Conviction Procedure Act, that
his basis of relief was newly discovered evi-
dence. Jones testified that another person, an in-
mate where he is located, has confessed under
oath, to the crime.
A claim of discovery of new evidence that

might have changed the result of conviction is not a ground for Post-Conviction relief: Petition denied.

*State v. Tull,* 240 Md. 49 (1965) and *Gordon v. Superintendent,* 2 Md. App. 355 (1967).

However, I direct that you as counsel for Mr. Jones, exhaust all other means for the protection of your client. I will continue your appointment to represent Mr. Jones and I suggest you get in touch with the State's Attorney's office immediately."

It is the order made by the hearing court which shall constitute a final judgment for purposes of review. Rule BK45 c. The case is remanded for compliance with Rule BK45, §§ a and b. See *Ross v. Warden,* 1 Md. App. 46.

We held in *Gordon v. Superintendent,* 2 Md. App. 355: "[T]he law is that a claim of discovery of new evidence that might have changed the result of a conviction is not ground for post conviction relief," citing *State v. Tull,* 240 Md. 49; *Daniels v. Warden,* 223 Md. 631; *Diggs v. Warden,* 221 Md. 624. But we point out that by Rule 764 b 1 the lower court had revisory power and control over the judgment or other judicial act forming a part of the proceedings for a period of 90 days after receipt by it of the mandate issued by this Court upon affirmance of the judgments or thereafter pursuant to a motion filed within such period. And it could, pursuant to a motion filed within such time, grant a new trial or other appropriate relief on the ground of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial within three days after reception of the verdict. Rule 764 b 2. The lower court could properly treat the document filed by Jones on 7 August 1970 as a motion pursuant to Rule 764 b 1. As the document was filed on 7 August 1970, it was within 90 days of the receipt by the lower court of the mandate issued by this Court upon affirmance of the judgments, and the lower court has the power to grant a new trial, or other

appropriate relief, required in the interest of justice, on a determination upon such proceedings as it deems necessary and advisable, that there exists newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § a of Rule 759. It may be that the lower court will desire to consider the document filed by Jones on 7 August 1970 as a motion under Rule 764 b 1, bringing the matter within the ambit of § b 2.

*Application granted; case remanded for further proceedings.*