George GALLOWAY No. 34301.

v.

Kenneth WATTS, acting Director, Maryland Correctional Camp.

Civ. A. No. N-74-952.

United States District Court,
D. Maryland.

May 1, 1975.

George Galloway, in pro. per.

Francis B. Burch, Atty. Gen. of Md. and Donald R. Stutman, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

NORTHROP, Chief Judge.

Plaintiff, George Galloway, was convicted in 1945 in the Criminal Court of Baltimore City of rape, assault with intent to murder, burglary, assault with a deadly weapon, and of being a rogue and vagabond. His case was heard by a panel of two judges sitting without a jury. He was sentenced to life imprisonment for rape and to a total of thirty-seven years of imprisonment concurrent with the life sentence as a result of his other convictions. No direct appeal was taken. In 1959, petitioner applied for post conviction relief in the Criminal Court of Baltimore City. Relief was denied following a hearing before Judge James K. Cullen at which petitioner was represented by counsel, but at which petitioner himself was not present. Application for leave to appeal was denied. Galloway v. Warden, 221 Md. 611, 157 A.2d 284 (1960) cert. denied, 362 U.S. 923, 80 S.Ct. 680, 4 L.Ed.2d 744 (1960). Thereafter, on four separate occasions, petitioner has applied to this Court for habeas corpus relief. The chronology and ultimate denial of all of these habeas corpus petitions is fully set forth in this Court's recent opinion, Galloway v. Watts, Civil Action No. N–12128 (Case D), (D.Md., decided March 21, 1975).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that his due process rights were violated at trial. Plaintiff further alleges that the violation of these rights invalidates his conviction and present incarceration and consequently causes him to be subject to cruel and unusual punishment. The plaintiff seeks $10,000,000 in damages.

The plaintiff alleges five grounds in support of the assertion that his conviction and resulting incarceration are invalid: (1) that proof of penetration without proof of emission is insufficient to sustain a conviction for rape and that there was no medical evidence produced at trial to support the prosecutrix' testimony as to penetration during the act of rape; (2) that there was an unconstitutional pretrial confrontation [apparently a reference to the validity of the pre-indictment lineup at which the prosecutrix identified the petitioner]; (3) that since two indictments, Nos. 2857 and 2858, were tried together, the petitioner was put in double jeopardy; (4) that the petitioner's life sentence under indictment No. 2856 does not run concurrently with the sentences given under the other indictments which arose out of the petitioner's acts in raping and robbing the prosecutrix and, consequently, petitioner has, again, been subjected to double jeopardy; and (5) that evidence of prior convictions was improperly used to discredit the credibility of the petitioner when he took the witness stand.

In the view of this Court, all of plaintiff's claims present challenges to the fact or duration of plaintiff's confinement. Thus, the critical issue in this case is the propriety of bringing an action for damages under 42 U.S.C. § 1983, where it is the confinement *per se,* rather than the conditions of confinement, which is being challenged.

### PROPRIETY OF ACTION UNDER § 1983

As a general rule in civil rights actions, exhaustion of state remedies is not a prerequisite. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). However, the Supreme Court carved out an exception to the general rule in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In *Preiser,* the Court held that, where a prisoner's suit for equitable relief under Section 1983 presents a ". . . challenge to the fact or duration of his confinement

. . .," then such an action is within the "core of habeas corpus" and the exhaustion requirement must not be circumvented. Civil rights actions which, in essence, challenge the duration of a prisoner's confinement can only be brought by means of a habeas corpus petition. Preiser v. Rodriguez, *supra*; Glover v. Baker, No. 74-1349, (4th Cir., decided Nov. 13, 1974) (Mem.).

■■ Stated differently, only those civil rights actions challenging the conditions of confinement, rather than the fact or duration of same, can properly go forward in federal court without the exhaustion of available state remedies. However, *Preiser* expressly contemplated the availability of the federal forum, without prior exhaustion, for civil rights actions seeking, as does plaintiff in the instant case, money damages rather than equitable relief.

The answer to this contention is that the respondents here sought no damages, but only equitable relief—restoration of their good-time credits—and our holding today is limited to that situation. If a state prisoner is seeking damages, he is attacking something' other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies. Cf. Ray v. Fritz, 468 F.2d 586 (CA2 1972). [Preiser v. Rodriguez, *supra*, 93 S.Ct. at 1838.]

The above limitation of the *Preiser* holding received further expression in a subsequent case, Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff*, the Supreme Court held that a prisoner's complaint seeking money damages for the applica-

tion of allegedly unconstitutional procedures in the deprivation of good-time credits could properly be heard by the District Court to the extent that it fell short of ordering the actual restoration of good time already cancelled. Wolff v. McDonnell, *supra*, 418 U.S. at 554, 555, 94 S.Ct. at 2974.

■■ Since the instant civil rights action is limited to money damages rather than equitable relief, it might appear that Wolff v. McDonnell, *supra*, is controlling. With this argument the Court cannot agree. At the core of the Supreme Court decision in Preiser v. Rodriguez, *supra*, is the principle of comity. The maintenance of due respect toward our federal system by avoiding federal interference with matters of intimate state concern is essential to the orderly administration of criminal justice. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L. Ed.2d 688 (1971). A ruling at this time on plaintiff's right to money damages would require this Court to pass upon the legality of plaintiff's confinement. Such a ruling would constitute a direct interference with plaintiff's exhaustion of state remedies, as ordered by this Court in plaintiff's related habeas corpus action, Galloway v. Watts, Civil Action No. N-12128 (D.Md. decided March 21, 1975).

The principle of federal-state comity will not tolerate such an interference with the actions of the state judiciary. Nor does Wolff v. McDonnell, *supra*, so require. The *Wolff* holding must be limited to its facts. In that case, a due process review of the procedures employed for the revocation of good-time credits, and the claim for money damages based thereon, was held to be properly before the federal district court. Such a review, however, was entirely consistent with *Preiser* in that it went to the conditions of confinement, rather than to the fact or duration thereof. The procedures employed at a penal institution for the imposition of sanctions,

including the loss of good time, are an immediate condition of prison life.

To the contrary, the procedural and constitutional challenges which plaintiff raises regarding the legality of his conviction go directly and preeminently to the fact or duration of plaintiff's confinement. While requests for monetary relief properly brought under 42 U.S.C. § 1983 are not controlled by *Preiser*, this Court finds that the reasoning of that case and the policy considerations underlying the principle of comity require a federal court to stay its hand where disposition of the damage action would imply a ruling on the legality of the fact or duration of confinement. Guerro v. Mulhearn, 498 F.2d 1249, 1251–1252 (1st Cir. 1974); Fulwood v. State of Maryland, Civil Action No. 74–1152–N (D.Md., decided Feb. 27, 1975).

For the reasons set forth above, it is, this 1st day of May, 1975, ordered as follows:

1. That defendant's Motion to Dismiss be, and the same hereby is, granted.