SCOTT *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[P. C. No. 81, September Term, 1959.]

*Decided March 18, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal under the Post Conviction Procedure Act. The applicant alleged that he was unable to employ counsel or to pay costs and the court appointed an attorney to represent him under said Act. A hearing was held, with the applicant present, and the petition was dismissed by Judge Evans of the Circuit Court for Howard County on October 30, 1959.

The applicant had been tried on March 12, 1959, by Judge Macgill and found guilty of armed robbery, larceny and assault, and sentenced to be confined in the Maryland House of Correction for six years. No appeal was taken. The applicant contends that there was a "great miscarriage of justice in his case" for the following reasons:

1. That the Circuit Court for Howard County did not have jurisdiction to try his case.

2. That he did not have any pre-conceived intent to commit the crimes of robbery, larceny or common assault.

3. That the evidence was insufficient to sustain a conviction beyond a reasonable doubt.

4. That his court appointed counsel was incompetent; and

5. That the prosecuting witness at no time testified that the applicant exerted brutal or excessive force on her person.

As to the first contention, if we assume, without deciding, that this is a proper question for consideration under the Act, Judge Evans stated that the applicant testified he was under the impression that when the prosecuting witness gave him money and got out of the car, which would have been where the alleged crime was committed, they were in Prince George's County. However, Judge Evans points out that the applicant admitted he had no basis in fact to support his impression. The second, third and fifth contentions [insofar as they are relevant] all go to the sufficiency of the evidence, and cannot be considered under the Post Conviction Procedure Act. They would have been reviewable on direct appeal if properly presented. *Ellis v. Warden,* 218 Md. 631, 145 A. 2d 225; *Shields v. Warden,* 218 Md. 634, 145 A. 2d 279; *Galloway v. Warden,* 221 Md. 611, 157 A. 2d 284.

The fourth contention is without merit. The mere asser-

598

tion of the ineptness of counsel in the absence of an allegation of fraud or collusion with a prosecuting official, or an objection raised in the trial court is not reviewable under the Post Conviction Procedure Act. *Young v. Warden,* 218 Md. 636, 639, 145 A. 2d 238.

*Application denied.*