## DORRIS v. WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 82, September Term, 1959.]

*Decided February 19, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

This is an application for leave to appeal from the denial of post conviction relief.

The petitioner concludes his twenty-one page "petition" for post conviction relief—which is in effect not a petition at all, but a diatribe of what he says are the "tyrannical and dictatorial criminal procedures" under which he was tried—

by contending in effect (i) that he is innocent, which is a question that may not be raised in a collateral proceeding [*Galloway v. Warden*, 221 Md. 611, 157 A. 2d 284 (1960)]; (ii) that his constitutional rights were violated (a) because the evidence was insufficient to convict him of robbery in that the victim—who admitted that he was too drunk to remember what had happened—was unable to identify the petitioner until after a police sergeant had told the victim the position of the petitioner in a "line-up" and (b) because there was no credible corroboration of an accomplice who also testified against him, which are questions as to the sufficiency of the evidence that should have been raised on direct appeal [Cf. *Galloway v. Warden, supra*]; and (iii) that he was denied his right to a new trial and a direct appeal because the trial court failed to advise him of such rights, which is wholly without merit since a court is under no obligation to inform a defendant of either of such rights. [Cf. *McClung v. Warden*, 221 Md. 596, 155 A. 2d 893 (1959)].

*Application denied.*