WHITLEY *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[H. C. No. 34, September Term, 1957.]

*Decided November 20, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

Joseph Olief Whitley seeks leave to appeal from a denial of a writ of *habeas corpus* by Judge Raine of the Circuit Court for Baltimore County, by which writ he sought to ob-

tain release from a sentence of twelve years in the House of Correction for murder in the second degree.

Applicant alleges that his counsel was generally incompetent and specifically so in not putting him on the stand to testify in his own behalf, and in failing to introduce evidence which would have changed the complexion of the State's case. He does not, however, allege bad faith, fraud, or collusion by his attorney with any State official, nor does he allege that he complained to the court concerning his court-appointed counsel or requested the right to take the stand. *Habeas corpus* is inappropriate under the circumstances and cannot be made to serve the purpose of an appeal or a new trial on the question of innocence or guilt. *Sykes v. Warden,* 201 Md. 662, 663; *Barker v. Warden,* 208 Md. 662, 667; *Buffington v. Warden,* 201 Md. 642.

Applicant further alleges that one of the State's witnesses committed perjury. We have held repeatedly that in the absence of facts establishing the knowing participation by State officials in the use of perjured testimony, the mere allegation that it was used is insufficient to justify the issuance of the writ. *Ramberg v. Warden,* 209 Md. 631, 633.

The final allegation is that unfavorable publicity caused prejudice against him. Although this could have been raised on appeal, it cannot serve as a ground for *habeas corpus. Randall v. Warden,* 208 Md. 667, 671.

*Application denied, with costs.*