## NELSON *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 108, September Term, 1957.]

*Decided April 25, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal, from the denial of a writ of *habeas corpus,* petitioner states no grounds that would call for the issuance of the writ. His complaints range from a statement that he was innocent of the alleged crime (robbery with a deadly weapon) and there was no evidence to support the conviction, to complaints as to the ineptness of his appointed counsel, that perjured testimony was used against him, that he was held before trial without a copy of the indictment, and that he was not "able to note an appeal at the conclusion of the trial". As we have said repeatedly, the sufficiency of the evidence cannot be tried on *habeas corpus,* the ineptness of counsel cannot be considered, at least in the absence of a showing that he complained to the trial judge, a claim of perjured testimony is unavailing in the absence of definite allegations that the State knew the testimony was perjured and the statement of facts showing the active participation of state officers in its use. *Brigmon v. Warden,* 213 Md. 628. The extent or legality of an initial detention likewise cannot be raised on *habeas corpus* after conviction. There are no allegations of fact that he filed or attempted to file an appeal, or that its perfection was prevented by the action of the state officials. The fact that his attorney did not see fit to enter an appeal is not controlling.

*Application denied, with costs.*