BANKS *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[P. C. No. 38, September Term, 1959.]

*Decided November 24, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

Petitioner, who is no stranger to this Court (see *Banks v. State,* 203 Md. 488, which dealt with a previous conviction), seeks leave to appeal from the order of Judge W. Laird Henry and Judge Rex A. Taylor dismissing his application for relief under the Post Conviction Procedure Act. Code (1959 Cum. Supp.), Art. 27, secs. 645A-645J.

He was convicted of receiving stolen goods and sentenced to three years by Judge Taylor sometime in the spring of 1958.

On August 13, 1958, he filed his petition for post conviction relief. Among numerous assertions and conclusions twelve distinct allegations can be identified, which can be further categorized and summarized as follows:

1. That he was held by the Police Department for three weeks before a preliminary hearing was held before a magistrate.

2. That the evidence was insufficient, not only for conviction but even for the grand jury's indictment.

3. That one or more of his companions at the time of his arrest were not convicted.

4. That his counsel, not alleged to be court-appointed, was incompetent and undiligent.

5. That his own counsel referred to his previous conviction and appeal *(Banks v. State, supra)* before sentence was imposed.

6. That his counsel refused to help him get a new trial, and all requests therefor were refused.

The Circuit Court appointed counsel, ordered Banks returned to Wicomico County and held a hearing. The joint findings of the two judges (Judge Taylor sat with petitioner's consent) was that the gist of Bank's complaint was that the testimony at the trial did not justify his conviction, and that they could not consider this in the present proceeding.

Not only do we agree with this latter conclusion but we also extend it to the less insubstantial of the other contentions made by the petitioner. *Price v. Warden,* 220 Md. 643 (defects in preliminary proceedings); *Legrand v. Warden,* 205 Md. 662 (insufficiency of the evidence, inadequate counsel, and failure to grant a new trial).

*Application denied.*