## TRUESDALE *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 53, September Term, 1959.]

618

*Decided January 20, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal from refusal to grant relief under the Post Conviction Procedure Act, all but one of the points raised below were adequately dealt with in an opinion by the lower court.

In his original trial applicant was represented by counsel and pleaded guilty to a charge of possession of a deadly weapon and possession of heroin, a narcotic drug. There was no motion for new trial or appeal. In his application for post conviction relief, he alleged that the court and city officers did "corroborate (sic) with each other in order to obtain, through conspiracy a prejudice and perjured statement * * *." The court below attempted to dispose of the point by saying that "indefinite and bald assertions of alleged perjury cannot be made the basis for relief in a collateral proceeding," citing *Nelson v. Warden,* 216 Md. 648. In the case cited, however, we said "a claim of perjured testimony is unavailing in the absence of definite allegations that the State knew the testimony was perjured and the statement of facts showing the active participation of state officers in its use." See also *Northington v. Warden,* 221 Md. 586, citing *State v. D'Ono-frio,* 221 Md. 20.

In amplification of his charge of conspiracy, he alleges that Uncles, a codefendant in the narcotics case, likewise pleaded guilty and that a statement given by Uncles was considered by the court. He alleges that Uncles had been twice before convicted of narcotics charges, and gave a false statement "in return for being indicted as a first offender," which carried a lesser penalty. He alleges that the court and State's Attorney were aware of the statement's falsity, because they knew that Uncles was in fact a third offender, and because the court refused to allow the applicant or his counsel to call Uncles to

the stand in order to interrogate him as to the promises made to him in regard to the statement.

The last reason assigned is not supported by the record. The applicant admits that when his counsel asked leave to interrogate Uncles concerning the statement, the court said there was no need, for "I will assume he will deny it". No objection was taken to the denial, nor was there any request for examination of Uncles for the purpose now suggested. The record does not disclose, nor is there any allegation as to the contents of the statement, or in what manner, if any, it tended to incriminate the applicant. Of course, after pleas of guilty had been accepted, the court was at perfect liberty, in connection with sentencing, to consider matters not formally put in evidence. It is difficult to conceive how it could have affected his guilt, since he was arrested by officers who found the revolver and large quantities of cannabis and heroin on his person. At most, it would seem that Uncles' statement could only have tended to corroborate the obvious inference that the applicant was a vendor and not simply a user.

We cannot find, on this record, that the court's refusal to hear testimony from Uncles, a ruling which was accepted without protest, was a denial of any constitutional right, available for post conviction relief. If we assume, without deciding, that Uncles might have been tried as a third offender, that fact does not prove that the statement, whatever it was, was false or that the State officials knew it to be false. In the absence of any disclosure as to the contents of the statement, we think the allegations fall short of raising a constitutional issue.

The applicant also complains that the court below did not furnish him or his counsel a free transcript of the original trial or grant his request to be present at the hearing, or notify him of its date. The Post Conviction Act, which is mandatory as to the appointment of counsel, is silent as to the furnishing of a transcript of the testimony at the original trial. Code (1959 Cum. Supp.), Art. 27, sec. 645G, provides that "The court may receive proof by affidavits, depositions, oral testimony, or other evidence, and may order the petitioner brought before it for the hearing." Since there was a plea of guilty,

there was no testimony, in the strict sense, taken in the original trial, and there is no showing that the transcript would disclose any facts relevant to the issues raised. Nor did court-appointed counsel request it, although it appears that he interviewed the applicant and fully investigated the factual and legal basis of all his claims.

We have not heretofore been called upon to consider the precise point now raised. In *McClung v. Warden,* 221 Md. 596, it was contended that the failure of the trial court to furnish a free transcript for use in aid of a motion for new trial or appeal from the original conviction, was a deprivation of due process that could be raised on petition for post conviction relief. We held that the applicant was not entitled to relief because he failed seasonably to demand a free transcript or file a motion for new trial or an appeal, citing *Brown v. Warden,* 221 Md. 582. Cf. *Davis v. Warden,* 217 Md. 662. These cases sufficiently answer the contention that by reason of indigency he was deprived of a constitutional right. Moreover, the question was not raised below. See *Shifflett v. Warden,* 220 Md. 667. Nor was the constitutionality of the sentence raised below, so it is not properly before us, even if we assume, without deciding, that it might have been raised in a post conviction case.

The questions decided in the cases cited did not involve the question of a right to a transcript of the original trial, for use in an application for post conviction relief. Nor was the present question presented in *Ingram v. Warden,* 221 Md. 597. We there held that an applicant for leave to appeal to this Court from the denial of post conviction relief, was not entitled as of right to a transcript of the hearing on the application. We pointed out that the Act does not in terms require it, and "there is nothing to suggest that such a transcript could serve any useful purpose in this case." In the instant case we find no such showing, and we think the court below did not abuse its discretion under the circumstances, in denying his request for a free transcript of the original trial or his request to be present at the post conviction hearing. *Plump v. Warden,* 220 Md. 662. It was not incumbent up-

on the court to notify him of a hearing at which his presence had been properly denied.

*Application denied.*