## BRIGMON *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 41, September Term, 1959.]

*Decided January 21, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

In his application for relief under the Uniform Post Conviction Procedure Act, the petitioner set forth thirteen alleged reasons as to why he was entitled to such relief. The learned trial judge, after hearing in open court, ordered "that the petitioner's petition * * * be denied for the reasons that all of the alleged errors * * * are such that should and could have been raised by an appeal and not by procedure under the Post Conviction Procedure Act. * * * And it is further found that the defendant * * * was not deprived of any federal rights under the Fourteenth Amendment to the Constitution or of any state rights, statutory or constitutional."

Code (1959 Cum. Supp.), Art. 27, sec. 645G, in part, provides: "The order making final disposition of the petition shall clearly state the grounds on which the case was determined and whether a federal or a state right was presented and decided." We do not think that the summary dismissal of the petitioner's application, as outlined above, fully complies with the quoted portion of sec. 645G. No one realizes better than we, that frequently in these requests for relief under the Post Conviction Procedure Act the grounds assigned for relief are frivolous and incapable of support by facts; but the responsibility of considering the petitions and determining whether they contain any meritorious grounds for relief is placed upon the courts of this State, including this Court, and it oftentimes requires tedious and time-consuming efforts in performing the task. Without considering all of the thirteen points raised, the petition alleges certain violations of Federal and State constitutional rights. The order of the trial court states that "the defendant * * * was not deprived of any federal rights under the Fourteenth Amendment * * * or of any state rights * * *," but it does not state, as directed by the statute, what Federal or State rights were "presented and decided," nor the "grounds on which the case was determined," other than they could have been raised on appeal. We think the plain direction of the statute requires "[t]he order making final disposition of the petition" to contain a statement of the Federal and State rights "pre-

sented and decided," as well as "the grounds on which the case was determined."

> *Petition for leave to appeal granted, and case remanded for the entry of an order by the trial court as herein indicated.*