Joseph Henry CLARK, Appellant,

v.

WARDEN MARYLAND PENITENTIARY, Appellee.

No. 8277.

United States Court of Appeals
Fourth Circuit.

Argued April 7, 1961.

Decided July 26, 1961.

**480**

James C. McKay (Court-assigned counsel), Washington, D. C. [Stephen J. Pollak, Court-assigned counsel, Washington, D. C., on the brief], for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and HARRY E. WATKINS, District Judge.

SOBELOFF, Chief Judge.

This is the appeal of Joseph Henry Clark, a Maryland state prisoner whose application for a writ of habeas corpus was denied by the District Court without a hearing. The sole question presented for determination is whether Clark should have been given a hearing on the claim that his conviction was based on testimony known by state officials to be false.

The relevant facts may be summarized as follows: On May 9, 1958, in the Criminal Court of Baltimore City, Clark was convicted of common assault in two separate cases and was sentenced in one to 10 years imprisonment and to 15 years in the other, the sentences to run consecutively. At trial Clark was represented by court-appointed counsel.

No appeal was taken from the judgments of conviction, but in February, 1959, Clark filed in the Criminal Court of Baltimore City a petition for relief under the Maryland Post Conviction Procedure Act. Md.Code 1957, Art. 27, § 645A et seq. In that petition Clark alleged that after his arrest he was brought to the police station and placed in a lineup. The complaining witnesses, Mrs. Ellen G. McDaniels and Miss Mary Smith, viewed the line-up but were unable to identify him as their assailant until police officers told them "that the man that they was looking for was No. 6 in the lineup." Clark was number 6 in the lineup. The petition further asserted that the same complaining witnesses, who were able to identify him at the line-up only after coaching by the police, perjured themselves when at his trial they testified that he was their assailant.

Thus, Clark's inexpertly drawn petition which demonstrates his very limited powers of expression states:

"Petitioner here will present new evidence that this witness [Mrs. Ellen G. McDaniels, one of the complaining witnesses] Used Perjury in Her Testimony at Said trial, and He Will Prove His Innocent Beyond A Reasonable doubt. Another Witness, Mary Smith [the second complaining witness] falsely testified and Falsely identified Petitioner With the Help of Said Police officers Who coached these Witnesses to Pick out No. 6 in the Lineup, the other Persons in the Line Up was paid by Said Police to stand in."

\* \* \* \* \* \*

"Petitioner avers that He was Convict falsely by the Court of a Frame Up charges by Police Officers and False Testimony by the Two State Witnesses Aforesaid."

Finally, in Clark's own words it is alleged: "That petitioner's plea of Not Guilty and Sentence pursuant thereto [were] directly, solely and willfully induced, procured and coerced by the aforesaid shockingly vicious and dishonest actions of various members of the Police Department of Baltimore City \* \* \*."

■ The state court considered on the merits Clark's claim of a denial of a federal constitutional right, but dismissed the petition because in its view it failed to allege that the state knew that the testimony of the complaining witnesses was false.[1]

Following this dismissal Clark applied to the Maryland Court of Appeals for leave to appeal. This was denied "for the reasons set forth by the court below." Clark v. Warden Maryland Penitentiary, 1960, 222 Md. 634, 160 A.2d 789. Likewise, his petition for certiorari in the Supreme Court of the United States was denied, 1960, 364 U.S. 848, 81 S.Ct. 92, 5 L.Ed.2d 72. Having exhausted state remedies, Clark then applied to the United States District Court for the writ of habeas corpus. His application repeats the allegations earlier presented to the Maryland courts. The District Judge dismissed the application without a hearing, stating:

"\* \* \* I conclude that all the matters of which complaint is made by the petitioner have been fully and fairly considered by the Maryland courts, and as I am in accord with the views therein expressed \* \* \*, I conclude that the present petition should be and is hereby dismissed \* \* \*."

■ Because Clark has been given no hearing in either the state or federal court on the factual issues raised by his petition, we must, of course, accept his allegations as true for the purposes of this appeal. Holly v. Smyth, 4 Cir., 1960, 280 F.2d 536, 537. The rule permitting a federal court, in its discretion, to deny a hearing where the state court record and findings disclose that there has been a fair and satisfactory consideration of the facts. Brown v. Allen, 1953, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469, has no application where the allegations are sufficient to state a denial of due process and there was no hearing or findings in the state court to resolve the factual issues. See: United States ex rel. Sileo v. Martin, 2 Cir., 1959, 269 F.2d 586; Holly v. Smyth, supra, 280 F.2d at pages 542–543; Grundler v. State of North Carolina, 4 Cir., 1960, 283 F.2d 798, 802.

■ Moreover, the fact that the state court held Clark's petition insufficient to allege state participation or

---

1. It is clear that under Maryland law, the question of whether a "conviction resulted from the use of perjured testimony with the connivance of state officers," can be raised in a collateral post conviction proceeding rather than solely by appeal, Superintendent of Maryland State Reformatory for Males v. Calman, 1953, 203 Md. 414, 421, 101 A.2d 207, 210. See also: France v. Warden, 1954, 205 Md. 636, 109 A.2d 65; Ramberg v. Warden, 1956, 209 Md. 631, 120 A.2d 201; Whitley v. Warden, 1957, 214 Md. 647, 135 A.2d 889; State v. D'Onofrio, 1959, 221 Md. 20, 155 A.2d 643.

knowledge in the use of perjured testimony does not relieve the federal court of its duty to evaluate the facts alleged with reference to the applicable constitutional standard.[2]  Only recently the Supreme Court reaffirmed this principle.

> "As was stated in Brown v. Allen, 344 U.S. 443, 507, 73 S.Ct. 397, 446, 97 L.Ed. 469, the 'so-called mixed questions on the application of constitutional principles to the facts as found leave the duty of adjudication with the federal judge.'  It was, therefore, the duty of the Court of Appeals to independently evaluate the *voir dire* testimony of the impaneled jurors."  Irvin v. Dowd, 1961, 81 S.Ct. 1639, 1643.

■ The law is well settled that if a defendant in a state proceeding is convicted upon perjured testimony, and the state *knowingly* used such testimony or played a role in its use, then the conviction violates due process of law and must be set aside.  Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. Kansas, 1942, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214.  The state, in the instant case, concedes this and directs its entire argument to the question of whether Clark has alleged enough to show state participation in or knowledge of the perjury.

■ The state treats the petitioner's assertion that the complaining witnesses were coached to pick him out of the line-up as a complaint separate and distinct from any claim that perjured testimony was given at the trial.  Viewed disconnectedly in this way, the state's position might be a tenable one.  However, we view the allegations not as disassociated and distinct but rather as parts of a single allegation that defendant was convicted on the basis of perjured testimony which resulted from the police pointing out the defendant to the complaining witnesses at the line-up.  It is to be remembered that the same witnesses who identified the defendant testified at the trial, and it is their testimony which is alleged to be perjured.  Undoubtedly the idea which Clark sought to convey was not only that testimony of the complaining witnesses at the trial was false but the reference to the line-up incident was clearly an attempt on his part to demonstrate that the perjury was brought about by the arresting officers.  This amounts to state participation in the use of the perjury.

Though inexpertly drawn, the petitioner's meaning is clear.  Enough has been alleged to require a hearing in the District Court.

Reversed and remanded.

---

2. Even where there has been a hearing in the state court, a federal judge cannot automatically deny relief. If the resolution of factual questions is crucial to the determination of the constitutional issues, he must still independently evaluate the evidence and findings, for the federal judge must be "satisfied, by the record, that the state process has given fair consideration to the issues and offered evidence, and has resulted in a satisfactory conclusion." Brown v. Allen, supra, 334 U.S. at page 463, 73 S.Ct. at page 410.  See also Chief Justice Hughes' language in Norris v. State of Alabama, 1935, 294 U.S. 587, 589–590, 55 S.Ct. 579, 79 L.Ed. 1074.