Joseph Henry CLARK
v.
WARDEN MARYLAND PENITEN-
TIARY.
Civ. A. No. 12613.

United States District Court
D. Maryland,
Civil Division.
Nov. 6, 1961.

Daniel H. Honemann, Baltimore, for petitioner.

Thomas B. Finan, Atty. Gen. of Maryland, Robert F. Sweeney, Asst. Atty. Gen., for respondent.

CHESNUT, District Judge.

On November 3, 1960 the above named petitioner, Joseph Henry Clark, then an inmate of the Maryland Penitentiary under sentence of imprisonment for an aggregate of 25 years for two separate cases of assault, filed his petition in this court for release under a writ of habeas corpus, alleging (1) exhaustion of all State remedies and (2) lack of federal due process under the 14th Amendment in the trial of his case resulting in his conviction and sentence of imprisonment.

The defendant did not take a direct appeal to the Maryland Court of Appeals from his trial, conviction and sentences; but he did apply for relief under the Maryland Post Conviction Act (Md.Code of 1957, Supp. Art. 27, § 645A et seq). That petition was considered and dismissed in an original and supplemental

opinion by Judge S. Ralph Warnken, then an Associate Judge of the Supreme Bench of Baltimore City, without hearing the petitioner, and a petition to appeal therefrom was denied by the Maryland Court of Appeals. 222 Md. 634, 160 A.2d 780. On reading the petition filed in this court, I dismissed it without hearing because I understood that the Maryland Courts had dismissed it because, while the petitioner alleged perjury in the trial of his case, he did not sufficiently charge State participation therein.

The petitioner then took an appeal to the Court of Appeals for the 4th Circuit where, after hearing the parties, the Court reversed the order of dismissal on the ground that the petition for habeas corpus in this case, although inexpertly drawn, did sufficiently charge knowledge and participation of the State in the use of perjured testimony. Clark v. Warden, 293 F.2d 479. Shortly thereafter I appointed counsel, Daniel H. Honemann, Esq., a competent and active trial lawyer in Baltimore City (formerly an Assistant United States Attorney for the District of Maryland) to represent the defendant and set the earliest practicable date for the hearing of the petition in this court. This hearing has now been held on October 27, 1961, at which time the testimony of at least seven witnesses, including the plaintiff, was heard and after argument of counsel the case has now been submitted for decision by this court.

The petitioner's principal complaint, as indicated in the opinion of Chief Judge Sobeloff of the Court of Appeals of the Fourth Circuit, was that the perjured testimony alleged to have been influential at his original trial in the Criminal Court of Baltimore before Judge Sodaro without a jury, consisted in the "coaching" of prosecuting witnesses in the respective assault cases to identify him, the defendant in the case, at a "line-up" held for that purpose in the Central Police Station, Fallsway and Fayette Street, Baltimore.

The hearing in this court occupied a full day. The witnesses heard consisted of (1) the petitioner himself; (2) the two police officers who made the arrest of the defendant; (3) the two complaining witnesses who participated in the "line-up" proceeding; (4) the attorney appointed by the court to represent the defendant at his original trial, Mr. Harrison, and (5) the Assistant State's Attorney, Mr. James Price, who prosecuted the case. The date of the original sentence in the case was May 9, 1958.

The testimony of the petitioner on examination by his court appointed attorney was to this effect. He was arrested by two police officers, Sgt. Krauk and Patrolman Thommen shortly after the occurrence of the two respective and separate assaults on two different women, but about the same time and near the same place in Baltimore City; that shortly after the arrest the defendant was placed in a line-up under No. 6 at the Central Police Station and several witnesses were introduced to view the men in the line-up when accompanied by the two officers who, with the viewing witnesses were beyond a wire screen separated from the men on the stage line-up by a distance of about eight to ten feet; that the first of the two prosecuting witnesses, Miss Ellen McDaniels, in the assault case identified the defendant at once as man No. 6 in the line-up; but that the second of the complaining witnesses, Mrs. Mary Smith, at first seemingly could not identify the defendant at all until, as the petitioner here testified, she was "coached" by Officer Thommen to identify the petitioner who was No. 6 in the line-up.

On the other hand, testimony offered by the State by both police officers and by both complaining witnesses was directly in point and in substance that there had been no coaching at all by either of the officers with respect to the identification of the defendant; and affirmatively that the identification by each of the complaining witnesses of the defendant as No. 6 in the line-up had been made voluntarily and without any suggestion to that effect by the officer Thommen. Officer Thommen also produced a contemporary record made by him at the time with

respect to the names and number of the several witnesses who were called to view and identify or fail to identify the defendant in the line-up. In addition to the voluntary identification of the defendant by the two complaining prosecuting young women as witnesses, at least one or two other witnesses called by the officers for possible identification likewise identified the defendant in relation to the occurrence of one or the other of the assault cases.

Mr. Price, the then prosecuting attorney, stated unequivocally and without contradiction that he had no knowledge or intimation whatever that any of the witnesses had been in any way coached with respect to their identification of the defendant at the line-up. The testimony of Mr. Harrison, the attorney appointed by Judge Sodaro to represent the defendant, was that although the details of the case after three years were not very certain in his recollection, as he had been appointed in numerous other criminal cases to represent indigent defendants in the Criminal Court, the case seemingly presented no unusual or special incidents or difficulties.

The defendant did not take a direct appeal from the sentence to the Maryland Court of Appeals. His complaint now alleged with respect to lack of due process in his prosecution, if made at all at the original trial (as to which there seems to have been no affirmative proof) could have been presented on a direct appeal. It does not appear from the evidence that he affirmatively made any request to Mr. Harrison to advise him with regard to an appeal or to take an appeal. The petitioner says that he did write on one or more occasions to Mr. Harrison after his sentence, for information or advice but there is no evidence in the record to show that any such letters were received by Mr. Harrison and he in fact did not recall having any such letter. The only letter produced by the petitioner was signed by a Mr. Elmer C. Forand about August 11, 1958 in which the writer apologized for not previously answering an earlier letter from the defendant and

saying that the cost of the transcript of the record in the case would be $50, to which the defendant made no reply. The Mr. Forand referred to was not otherwise identified in the evidence at the hearing and Mr. Harrison stated he had no knowledge whatever as to who Mr. Forand was and that the latter was not in any way associated with him.

Nothing appears to have been done by the defendant with respect to a direct appeal thereafter and I find nothing was in fact done by him with regard thereto until more than thirty days after the sentences were imposed. There was also evidence from Mr. Price that at the conclusion of the hearing and announcement of the verdict by Judge Sodaro, the defendant was asked whether he was ready for sentence and apparently nothing to the contrary was stated and no motion for a new trial was at that time requested or indicated.

Counsel agree that the sentences in the case were for assault on Mary Smith, ten years in the Penitentiary, and in the companion case for assault on Ellen McDaniels the sentence was a cumulative one of fifteen years.

█ In passing, it is sufficient to note that neither one sentence nor the other has at this time expired and as the sentences were cumulative, if the first sentence should be held open due to lack of due process, the petitioner would still be in lawful custody under the sentence of 15 years in the second case. I think it is well established that in such a situation even though it would be found that the first sentence was subject to collateral attack for lack of due process, the petition for habeas corpus for release could not properly be granted at this time pending the termination of the second sentence of 15 years.

Nevertheless counsel for the petitioner contends that the first sentence was illegal for want of due process. The State is chargeable with lack of due process in that, according to the petitioner's testimony if accepted despite substantial contradiction, the testimony of Mary Smith, one of the prosecuting witnesses, should

be considered inferentially as perjured by reason of her being "coached" by Officer Thommen to identify the defendant in the line-up as No. 6, despite the admitted lack of any evidence whatever to show that any other representative of the State knew or in any way participated in the alleged coaching of the witness by the officer who at the time was a regular member of the Detective Force of Baltimore City operating in plain clothes.

And counsel for both parties are in agreement that the meaning and effect of the opinion of the Court of Appeals for the Fourth Circuit in this case requiring that the defendant should have been given a hearing in court on the charges preferred, was to the effect that if proven to be true, the sentence in the first case was subject to collateral attack by reason of the alleged coaching by Officer Thommen, despite the fact that no other representative of the State in any way related to the prosecution had any knowledge thereof or in any way knowingly participated therein. With regard to the full extent of this broad contention reference may be made to several recent decisions of the appellate courts for comparison of the text of the opinions in relation to the particular facts of the several cases. Curran v. State of Delaware, 259 F.2d 707 (1950) 3d Cir., among others, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, and Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Napue v. People of State of Illinois, 360 U.S. 264, at 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). See also the opinion of Chief Judge Sobeloff in the instant case of Clark v. Warden, 4 Cir., 293 F.2d 479, and the Maryland case, State v. D'Onofrio, 221 Md. 20 at 28, 29, 155 A.2d 643, referred to in footnote 1 of Chief Judge Sobeloff's opinion in Clark v. Warden, supra.

■ In general, the failure of a defendant in a criminal case to take a direct appeal from his conviction and sentence precludes his raising errors thereafter in a collateral proceeding, such as habeas corpus, if the errors are of such a nature that they could have been corrected on appeal; but it has recently been decided by the Fourth Circuit that among the exceptions to this general rule is one such as is charged by the petitioner in this case, that he was convicted by virtue of perjured testimony knowingly used by State officials. Whitley v. Steiner, 293 F.2d 895. And I understand from the opinion of the Fourth Circuit in the instant case that the requirement of a hearing of the petitioner was due to the fact that there had been no full adjudication on the merits of the petitioner's contention in the State Courts.

■ I do not think it necessary for the disposition of the present habeas corpus proceeding to specifically rule whether the several cases just referred to definitely support in full extent the contention of petitioner's counsel in this case with respect to the now collaterally attacked first sentence of imprisonment for ten years for assault on Mary Smith; but assuming that the opinion of the Fourth Circuit in this case in connection with the citations just mentioned does go to this full extent, I reach the conclusion based on the testimony heard in court in support of the present petition, that it must be dismissed because the petitioner on whom is the burden of proof in this present proceeding, has failed to affirmatively establish that there was lack of due process in the alleged coaching of the complaining witness, Mary Smith, or any perjury by the prosecuting witnesses. On the contrary I find as an affirmative fact by the overwhelming weight of the evidence in the case, considering the testimony of all the witnesses, that there was in fact no such coaching of the witness by Officer Thommen or any other representative of the State.

This was the main point in the habeas corpus petition as I think is clearly indicated in the opinion of the Fourth Circuit in this case, and I think it necessarily conclusive of the result here. I will add, however, that one or two other points which may incidentally appear in some part of the proceedings, may be considered.

The petitioner says that he would have "preferred" a jury trial. In this respect the evidence here is that the docket entries in the Criminal Court of Baltimore in the matter of the original trial, show that after the appointment of counsel by the court for the defendant, and the arraignment of the defendant in response to the charge and the usual procedural interrogation by the Clerk of the Court or by the Judge himself, the defendant pleaded not guilty and elected a trial before Judge Sodaro without a jury. Of course it must be remembered that in Maryland in criminal cases the defendant has the right of election as to whether he will be tried by a jury or by a Judge without a jury. In this case the defendant did not make known to the court that he wanted a jury trial. He was represented by counsel appointed to defend him and the trial took place. In that situation there is no denial of due process by reason of the case being tried by the Judge without a jury. All that the defendant definitely says with regard to this matter is that he would have "preferred" a jury trial and felt satisfied on the evidence submitted that he would not have been found guilty by a jury.

Another point to be mentioned is the defendant's complaint that he did not have adequate knowledge or notice of his right to take an appeal from the original conviction and sentence. As to this it affirmatively appears from the evidence that he did not notify his counsel or any one else within thirty days that he desired to take an appeal. And, as pointed out, under Maryland criminal law and procedure there is no lack of due process with respect to lack of appeal in a case by reason of the fact that the defendant had not been affirmatively advised of his right to take an appeal within a certain time. See, for instance, Truesdale v. Warden, 221 Md. 617, 157 A.2d 281; Rayne v. Warden, 223 Md. 688, 165 A.2d 474.

For these reasons it is hereby ordered by the United States District Court for the District of Maryland this 6th day of November, 1961 that the petition for the writ of habeas corpus, after full hearing in open court of all parties in interest on October 27, 1961, be and the same is hereby *dismissed* and the petitioner is remanded to the custody of the respondent. And the Clerk is directed to send a copy of this memorandum opinion and order to the petitioner forthwith. The Court takes this opportunity to thank Mr. Honemann for his representation of the petitioner.