## JOHNSON v. WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 64, October Term, 1956.]

*Decided February 7, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAM-MOND and PRESCOTT, JJ.

HAMMOND, J., delivered the opinion of the Court.

The petitioner, who seeks leave to appeal from the denial of the writ of *habeas corpus* by Judge Barrett of the Circuit

Court for Baltimore County, has failed to show that the writ should issue. He was convicted of robbery with a deadly weapon, burglary, robbery and assault with intent to kill and sentenced by Judge Moser to thirty-five years in the Penitentiary. He contends that his confession was obtained by means of police brutality, that the evidence was insufficient to convict him, that he was not guilty and that his court-appointed attorney "did nothing" in his behalf.

The contention that force was used to obtain a confession is pertinent at the trial in testing the voluntariness of the confession but cannot be raised on *habeas corpus. Eberle v. Warden,* 209 Md. 657; *Randall v. Warden,* 208 Md. 667; *Davis v. Warden,* 208 Md. 675. We have repeatedly said that the sufficiency of the evidence or the guilt or innocence of the accused may be reviewed on appeal, but *habeas corpus* cannot be used to serve that purpose. *Bergen v. Warden,* 208 Md. 677; *Friedel v. Warden,* 205 Md. 657. The petitioner's final contention amounts to a general allegation that his counsel was incompetent. He does not allege, nor is it shown, that he complained to the court about his counsel nor is there any allegation or showing of fraud, bad faith or collusion with an official of the State. Unsupported allegations of incompetence cannot be a ground for issuance of the writ. *Barker v. Warden,* 208 Md. 662; *Legrand v. Warden,* 205 Md. 662; *Wagner v. Warden,* 205 Md. 648.

*Application denied, with costs.*