## ELLINGER *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 68, September Term, 1959.]

*Decided January 21, 1960.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Horney, J., delivered the opinion of the Court.

In this application for leave to appeal, the applicant has alleged only two reasons why the application should be granted. He claims that the lower court failed to rule on his first, fifth and sixth grounds for post conviction relief and that he should have been supplied with the transcript of the

post conviction hearing he had demanded. He makes no claim on this appeal that there was any error in the rulings on the other six contentions he raised below.

The applicant, who was convicted by a jury on March 9, 1953, of armed robbery, was sentenced to twenty years in the Penitentiary. No appeal was taken from the judgment and sentence. A co-defendant, who plead guilty and testified on behalf of the State against the applicant, received a sentence of fifteen years.

It is a fact that the lower court did not specifically decide the applicant's first, fifth and sixth questions, which is required by Code (1959 Cum. Supp.), Art. 27, sec. 645G. See *Brigmon v. Warden,* 221 Md. 622, 157 A. 2d 460 (1960).

By the first and fifth contentions, which may be considered together, the applicant asserts in effect that the substantive evidence—which he claims was false, perjured and fraudulent, was contrived and presented against him by the State of Maryland through the active and fraudulent conduct of the then State's Attorney and the prosecuting witnesses. He elaborated on this contention by stating that the co-defendant testified against him "because of the promises made to him by officers of the State that he would receive a lesser sentence." While these allegations without more might not be enough to prove that the State knowingly used perjured testimony at the trial, they are clearly more than a mere assertion that such testimony was so used, and we think· they are sufficient to state a charge that the State had knowledge of or participated in the use of perjured testimony in violation of the applicant's constitutional rights which must be heard and decided. Cf. *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643 (1959). We shall therefore remand the application for further proceedings to the end that the lower court may further inquire into the charge and decide the question.

The applicant's sixth contention that the State failed to protect him from unwarranted and illegal prosecution is no more than a vague general assertion that he was denied his constitutional rights, and clearly did not justify granting the relief sought. See *Savage v. Warden,* 216 Md. 598, 139 A. 2d 338 (1958).

Since it appears that the applicant's final contention to the effect that he should have been supplied with the transcript demanded by him may be premature, we leave the question open.

*Application granted and petition remanded for further proceedings.*