## WHITLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 78, September Term, 1959.]

*Decided March 30, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, Joseph Olief Whitley, seeks leave to appeal from a denial of relief under the Post Conviction Procedure Act. He was convicted of second degree murder in the Circuit Court for Prince George's County, by Judges Digges, Fletcher and Dorsey, on June 27, 1957, and was sentenced to a term of twelve years in the House of Correction. No appeal was taken from that judgment.

Whitley's original application for relief under the Post Conviction Procedure Act was filed in the Circuit Court for Prince George's County on February 17, 1959, and counsel was appointed for him as an indigent. Previously he had filed two *habeas corpus* petitions in the Circuit Court for Baltimore County, one in the Circuit Court for Cecil County, and one in the United States District Court, all of which were denied. An application for leave to appeal from the denial of one petition by Judge Raine in one of the Baltimore County cases was denied by this Court in *Whitley v. Warden,* 214 Md. 647, 135 A. 2d 889.

After the appointment of counsel in this proceeding an amended petition was filed by the petitioner on June 16, 1959. In addition to reciting the above prior applications and his conviction and sentence, it alleged that:

1. The applicant was illegally arrested.

2. He was taken from Prince George's County to the District of Columbia for the purpose of being given a lie detector test, and that this was done without extradition proceedings.

3. He was questioned by police officers (it is not shown whether they were Maryland or District of Columbia police officers), that these officers said, "If you will tell the truth it will make things much easier in all respects," that after continuous questioning and many forms of threats the applicant confessed to the crime of which he was convicted.

4. The applicant was held for a period of fifty (50) hours illegally and against his will before being arraigned.

5. During the interrogation the applicant was not advised of his rights to an attorney nor permitted to speak with anyone during the fifty hours that he was held prior to arraignment.

6. The confession allegedly obtained by duress was the only evidence offered against the applicant.

7. State officers knowingly used perjured testimony to convict the petitioner.

8. The applicant's lawyers failed to summon witnesses on his behalf and talked him out of taking the stand and testifying on his own behalf at the trial.

Counsel were heard on the application, and it was denied by Judge Marbury.

Allegations numbered 1, 2, 4 and 5 concern alleged irregularities in the preliminary proceedings or during the trial, which may be open to attack on direct appeal, but cannot be challenged collaterally. *Niblett v. Warden,* 221 Md. 588, 155 A. 2d 659; *Banks v. Warden,* 221 Md. 592, 155 A. 2d 697. The involuntary character of a confession can also be raised on appeal, but not collaterally. *Johnson v. Warden,* 212 Md. 652, 129 A. 2d 84; *Eberle v. Warden,* 209 Md. 657, 121 A. 2d 708; *Randall v. Warden,* 208 Md. 667, 119 A. 2d 712; *Davis v. Warden,* 208 Md. 675, 119 A. 2d 365; *Ferguson v. Warden,* 218 Md. 644, 145 A. 2d 772. Allegations 3 and 6, therefore, are unavailing to the applicant.

The eighth contention was finally litigated adversely to the applicant in *Whitley v. Warden,* 214 Md. 647, 135 A. 2d 889. (We may add parenthetically that the docket entries indicate that summons was issued for three of the four witnesses alleged not to have been summoned and that the address of the fourth was outside of Maryland. There is some question as to the spelling of the last name of one of the three—"Gicker", as shown on the docket entries, or "Guicher" as shown in the bill of particulars. Summons for Raymond S. Gicker was sent to two counties.) His seventh ground now alleged was also alleged to some extent in that proceeding but was found insufficient on that previous application for leave to appeal because Whitley failed to state any facts showing knowing use by the State of perjured testimony. We find no need to decide whether Whitley waived the question of the State's knowing participation in the use of perjured testimony when he failed to raise the contention in that prior proceeding.

In the present proceeding Whitley did set out in his answer to a Motion for a Bill of Particulars, which he filed through his counsel appointed in the Circuit Court, the names of two witnesses alleged by him to have committed perjury and the statements allegedly made by them to the police and and the State's Attorney, and he alleged that at the trial they denied having made these statements. The bill of particulars does not show what testimony, if any, these witnesses gave against the applicant. A specific and verified statement of the grounds for relief is required under the Post Conviction

Procedure Act (Code (1959 Supp.), Art. 27, Sec. 645D). See *Truesdale v. Warden,* 221 Md. 617, 157 A. 2d 281. The need for a clear statement of facts with regard to the alleged use of perjured testimony is no less under that Act than it is in *habeas corpus* proceedings such as the applicant's case above cited. It appears to us from the applicant's bill of particulars which was not verified, but no point was made of that fact, that the State was surprised when, at the trial, these witnesses repudiated their pre-trial statements; but that, we think, does not show that the State knowingly used perjured testimony against him. We note that in his contention No. 6 the applicant says that the only evidence against him was his confession.

The above covers all of the grounds for relief alleged by the applicant, and his application for leave to appeal will be denied.

In a letter to this Court, written after his application for leave to appeal had been filed, Whitley sought to add further grounds upon which he claims that his conviction was illegal. Since these allegations were not made in the trial court, they cannot be raised on an application for leave to appeal. *Shifflett v. Warden,* 220 Md. 667, 155 A. 2d 68; *Culley v. Warden,* 220 Md. 687, 154 A. 2d 813.

We regret to note that in this case the opinion of the trial court is in only very general terms, and that it is much less clear and specific than we think it should have been under Code (1959 Supp.), Art. 27, Sec. 645G. Cf. *Brigmon v. Warden,* 221 Md. 622, 157 A. 2d 460; *Ellinger v. Warden,* 221 Md. 628, 157 A. 2d 616; in which there were remands for further consideration and determinations of issues.

*Application denied.*