## WARRINGTON *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 86, September Term, 1959.]

*Decided March 18, 1960.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

HAMMOND, J., delivered the opinion of the Court.

On October 30, 1953, Warrington, then on probation, was arraigned and pleaded guilty in the Criminal Court of Baltimore to eleven indictments for burglary. Because of the number and seriousness of the charges, Judge Joseph L. Carter accepted these guilty pleas only tentatively and appointed experienced and competent defense counsel. The cases came on for trial on November 17, 1953, at which time Warrington submitted under his former guilty pleas.

Although the record does not show it, the memorandum of the State says that Judge Carter caused testimony to be taken, witnesses to be cross-examined, and both the defendant and his attorney to be heard from. Ten-year sentences were then imposed under each of the indictments, those in the first three cases to run consecutively and those in the last eight to run concurrently, making a total of thirty years to begin at the expiration of an eight-year sentence previously imposed by the Circuit Court for Baltimore County in connection with other cases. Warrington did not move for a new trial nor seek an appeal.

Now, over six years later, he asks leave to appeal from denial of relief under the Post Conviction Procedure Act by Judge Joseph R. Byrnes. He says Judge Byrnes erred in rejecting these contentions:

1. He was the victim of an illegal arrest and search.
2. He was convicted without evidence being produced.
3. His attorney did nothing to protect his interests.
4. The trial judge misinformed him as to the law pertaining to the time of his eligibility for parole.
5. He made admissions and confessions under police duress and pleaded guilty because the police promised leniency.

The first three of these cannot be raised in a post conviction case (illegal arrest and search—*Brooks v. Warden* 218 Md. 650; *Mears v. Warden,* 220 Md. 682; insufficiency of the evidence and inadequacy of counsel—*Banks v. Warden,* 221 Md. 592). Judge Byrnes found the fourth to be untrue.

In making his fifth contention Warrington alleges that subsequent to his "illegal" arrest and the "illegal" search of his home and seizure of articles therein, the police arrested

his wife and threatened to charge her with possession of stolen goods unless he helped them, but said that if he cooperated he would get light and concurrent sentences on all the crimes he was charged with so that he would come up for parole within a short time. He says that in reliance on these threats and promises he cooperated with both the City and Baltimore County police in helping them clear up unsolved crimes by agreeing to plead guilty to them even though he had no knowledge of them, with the understanding that whatever sentence he got in the County would be all he would have to serve. The police then released his wife (but told him she would be rearrested if he did not go through with his promise). He pleaded guilty in Baltimore County and was sentenced to eight years but, shortly thereafter, upon pleading guilty in Baltimore City, was sentenced to thirty years more.

Ordinarily, the fact that a petitioner pleads guilty disposes of any contentions he may make thereafter regarding the admissibility or propriety of his confessions. Claims that guilty pleas were erroneously entered or wrongfully induced, usually do not furnish grounds for post conviction relief since the petitioner must show not only details of his claims but also that he attempted to object to the pleas and to make his objections known to the trial court. *Dobson v. Warden,* 220 Md. 689.

In *Hamilton v. Warden,* 214 Md. 633, 636, nevertheless, Judge Henderson, for the Court, in dealing with a claim that a plea of guilty had been induced by the promise of the police to have the judge show leniency, said: "We have indicated that *habeas corpus* was never designed to review the regularity of judicial proceedings, as an alternative to appeal, but there are exceptions to the rule, where the irregularity amounts to a deprivation of due process under the Fourteenth Amendment, which may render the trial void *ab initio.* There are decisions of the Supreme Court which indicate that, at least in extreme cases, the remedy may be open where a plea of guilty was obtained by deception practiced by state or government officials. *Smith v. O'Grady,* 312 U. S. 329; *Waley v. Johnston,* 316 U. S. 101; *Widmer v. Johnston,* 136 F. 2d 416 (C.C.A. 9th). See also *Webster v. Warden,* 211 Md. 632, 634."[1]

---

1. The Post Conviction Procedure Act, Code (1957, 1959 Supp.),

As Judge Byrnes' order denying petitioner's application for relief does not deal adequately with the alleged irregularities surrounding the guilty pleas, the case will be remanded for further proceedings including, if necessary, the examination and addition to the record of the transcript of the trial which the docket in No. 4288 says was filed on December 7, 1953, to the end that a determination be made of the merits of petitioner's claim that his guilty pleas and consequent incarceration were the result of a deprivation of due process.

> *Application for leave to appeal granted, and case remanded for further proceedings not inconsistent with the views expressed in this opinion.*

Art. 27, Secs. 645A-645J, does not change the scope of post conviction review formerly available via *habeas corpus. State v. D'Onofrio,* 221 Md. 20.