## SLACK *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 91, September Term, 1959.]

*Decided May 20, 1960.*

Before Brune, C. J., and Henderson, Hammond and Horney, JJ.

Brune, C. J., delivered the opinion of the Court.

Bennie Lee Slack applies for leave to appeal from an order of Judge Pugh in the Circuit Court for Montgomery County denying his application for relief under the Post Conviction Procedure Act.

Slack was indicted in the above Court on a charge of murder, to which he originally pleaded not guilty. His trial before two Judges of that Court and a jury began on April 30, 1956. Slack was represented by court appointed counsel—a thoroughly competent and experienced trial lawyer, who was a former State's Attorney. After the trial had been in progress for about two hours, the State's Attorney informed defense counsel that the State would accept a plea of guilty of second degree murder and would abandon the charge of first degree

murder. A short recess was taken during which defense counsel conferred with Slack about the matter (and apparently with Slack's pastor also). Following the conference, Slack's plea of not guilty was withdrawn and a plea of guilty of second degree murder was entered. Slack was then sentenced to fifteen years' imprisonment on this charge.

Slack was also indicted on a charge of attempting to break jail. He pleaded guilty on this charge and was sentenced to five years' imprisonment therefor, this sentence to run consecutively to the sentence on the murder charge. Slack was represented by the same counsel in both cases. No appeal was sought to be taken in either case.

Slack's application under the Post Conviction Procedure Act alleges that: (a) he was not properly represented by counsel; (b) he was misinformed and misled as to penalties; (c) he was influenced to plead guilty to a charge which the transcript of his trial would prove to be unjust; (d) he was tried by a prejudiced judge; and (e) witnesses were not summoned to testify in his defense. His testimony at his hearing before Judge Pugh supported, or tended to support grounds (a), (b), (c) and (e), but he offered no testimony in support of (d).

Counsel other than his trial counsel was appointed to represent Slack at the Post Conviction hearing, and Slack complains of him, too. The basis of these complaints is that counsel did not summon witnesses to testify at the Post Conviction hearing and did not read the transcript of the testimony at Slack's trial on the murder charge which had been taken up to the time of the entry of the plea of guilty of murder in the second degree.

The State contends that questions as to guilt or innocence were finally litigated or were waived in the original criminal proceedings. As to the jail break case, Slack conceded his guilt at the Post Conviction hearing and admitted that he pleaded guilty to that charge of his volition; but he claimed that the imposition of a consecutive sentence, instead of one concurrent with the sentence on the murder charge, was in violation of an understanding with the State's Attorney effected through counsel.

A large part of Slack's petition and of his testimony was devoted to the contention that he was not guilty of the charge of second degree murder to which he pleaded guilty, and that he was not even guilty of manslaughter or that, at most, his offense was involuntary manslaughter.[1] It is firmly established that questions of guilt or innocence may not be retried under the Post Conviction Procedure Act. It is not a substitute for a motion for a new trial or an appeal. Code (1957, 1959 Cum. Supp.), Art. 27, Sec. 645A (b); *Barbee v. Warden,* 220 Md. 647, 151 A. 2d 167; *Banks v. Warden,* 220 Md. 652, 151 A. 2d 897; and this rule applies where the defendant has pleaded guilty to the charges against him, *Dobson v. Warden,* 220 Md. 689, 154 A. 2d 921, cert. den. 362 U. S. 954. So far as the question of guilt or innocence is concerned, Slack could therefore not have benefited from the summoning of witnesses at his Post Conviction Procedure Act hearing, and it would have been an idle gesture to summon them to testify on that question. Slack's principal claim as to innocence is based upon the contention that he was so drunk when he shot and killed his father that he did not know what he was doing or even that he had shot him, and that the actual discharge of the gun was accidental, due to his stumbling.

Slack was eighteen years old at the time of the shooting, and his trial occurred not long afterwards. He asserts that his counsel misinformed him as to the length of the sentences which might be imposed for second degree murder and for manslaughter and told him that the penalty for manslaughter was from one to twenty years and for second degree murder from five to eighteen years. Such are the penalties for second degree murder under Code (1957), Art. 27, § 414 (§ 501 of the 1951 Code). The maximum penalty for manslaughter under § 387 of Art. 27 of the 1957 Code (§ 454 of the 1951 Code) is ten years' imprisonment. Slack's counsel at his Post Conviction hearing stated to the Court that he could not

---

1. Manslaughter is not divided into different grades or offenses in this State, except as to manslaughter caused by the driving, operation or control of a motor vehicle, motor boat or other vehicle in a grossly negligent manner. Code (1957), Art. 27, §§ 387, 388.

"offer any facts or law to support this petition." He elaborated this statement by saying that he had talked with counsel who had represented Slack and counsel who had represented the State in the murder and jail break cases and that he had studied Slack's petition and a subsequent letter from Slack (written, in response to one from his counsel) and that it appeared to him (counsel) "that each of the points he [Slack] raised had been fully adjudicated in the trial, and since a motion for a new trial was not filed nor an appeal [taken] they were finally settled so far as the law is concerned; therefore I felt it was unnecessary to summons any of the witnesses that the petitioner thought should be summonsed."

What we have already said with regard to this proceeding not being available to try or retry the question of guilt or innocence indicates our agreement with the views of counsel last quoted, and we shall not elaborate further on that point.

We think that it is also to be inferred from the statement of Slack's Post Conviction counsel as to his interviews with prosecuting and defense trial counsel that he did not believe that Slack could establish his allegations that he was misled either with regard to penalties or with regard to any sentence on the jail-breaking charge being made concurrent with the sentence on the murder charge. It is also, we think, clear that the learned trial judge did not believe Slack's claim. It further appears to us that he based his disbelief at least in part on his personal knowledge of the high standing and ability of the lawyer appointed to defend Slack in the prior proceedings. Whatever Slack's prospects may be of establishing his contentions, we are of the opinion that under Sec. 645G of the Post Conviction Procedure Act he was entitled to have the testimony of the witnesses who participated in the conference leading up to his pleas adduced in accordance with the Act and to have the facts determined by the court on such evidence rather than on an inference that the applicant's new counsel thought their testimony would be of no help and on the court's knowledge of the reputation, standing and ability of counsel in the prior proceedings. We do not mean to suggest that the right of the applicant to have these

witnesses summoned to testify could not have been waived by the applicant's counsel with the applicant's express or tacit consent (cf. *Farmer v. Warden,* 221 Md. 594, 155 A. 2d 665; *Truesdale v. Warden,* 221 Md. 617, 620-621, 157 A. 2d 281; *Player v. Warden,* 222 Md. 619, 159 A. 2d 852, but that is not the situation here presented.

The allegation that one of the judges who heard Slack's original cases was prejudiced against him has not been pressed, and there is no suggestion that he was informed of, or in any way a party to the understanding as to sentences which Slack now asserts. On the contrary, Slack admits that he threw himself on the mercy of the court.

We are of the opinion that Slack's application for leave to appeal should be denied as to all of the contentions which he has sought to raise, except those pertaining to his claim that he was misled into pleading guilty to the charge of second degree murder. See *Hamilton v. Warden,* 214 Md. 633, 136 A. 2d 251; *Warrington v. Warden,* 222 Md. 601, 159 A. 2d 360. Cf. *Dobson v. Warden,* 220 Md. 689, 154 A. 2d 921, distinguishing the *Hamilton* case. As to the latter claim, leave to appeal is granted and the case is remanded for further consideration and determination thereof. *Brigmon v. Warden,* 221 Md. 622, 157 A. 2d 460; *Ellinger v. Warden,* 221 Md. 628, 157 A. 2d 616.

> *Leave to appeal granted as to the claim that the applicant was misled as to entering a plea of guilty to second degree murder, and case remanded for further proceedings with regard thereto; leave to appeal denied as to other claims.*