## DYER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 23, September ·Term, 1957.]

*Decided October 28, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Richard Melvin Dyer has made application to appeal from a denial of his petition for the issuance of a writ of *habeas corpus* by Judge Sodaro in the Baltimore City Court. He was convicted of murder in the second degree on March 12, 1957, in the Circuit Court for Talbot County, and sentenced to serve five years in the House of Correction.

I

He first contends that he was "hoodwinked" into signing a confession, and that the statement was taken from him by

"out and out fraud". This Court has repeatedly held that the question of the voluntariness of a confession is one for the trial court, and this Court on appeal, but it cannot be reviewed on *habeas corpus*. *White v. Warden*, 211 Md. 623, 624, 126 A. 2d 294; *Johnson v. Warden*, 212 Md. 652, 653, 129 A. 2d 84. A bald allegation of fraud, without stating the facts that constituted such fraud, is not a sufficient basis for the issuance of the writ of *habeas corpus*.

## II

The petitioner next complains that his constitutional rights were violated at the trial in that the court refused to hear the testimony of his doctors, who had examined him. If we assume this to be a proper question for consideration in *habeas corpus* proceedings, there is nothing to show that the petitioner requested either his counsel or the court to call the doctors, nor is there any showing as to what facts they could have testified, if called. Under these circumstances, this contention forms no basis for the granting of the writ. *Walker v. Warden*, 198 Md. 653, 654, 80 A. 2d 614; *Wilson v. Warden*, 198 Md. 663, 664, 665, 80 A. 2d 897.

## III

The petitioner asserts as his final reason for the issuance of the writ that he was denied a speedy trial, in that he was detained in jail for six months after his arrest, then sent to a hospital for examination, and not brought to trial until March 12, 1957. There is nothing in the record that discloses the petitioner requested a speedy trial; therefore his right to the same was waived. *Harris v. State*, 194 Md. 288, 297, 71 A. 2d 36. Furthermore, this Court has held that a prisoner cannot be released on *habeas corpus* after conviction, though his trial might have been improperly delayed. *Agner v. Warden*, 203 Md. 665, 667, 99 A. 2d 735.

*Application denied, with costs.*