## JONES *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 27, September Term, 1957.]

658

*Decided November 25, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by William Jones, Jr., for leave to appeal from the denial of a writ of *habeas corpus* by Chief Judge John B. Gontrum, of the Circuit Court for Baltimore County.

Petitioner was tried and convicted of robbery with a deadly weapon, larceny, burglary, and assault with intent to murder, in the Criminal Court of Baltimore and sentenced to forty years in the Maryland Penitentiary.

Petitioner contends that a gun, which was found in his house due to an illegal search, was offered in evidence against him. The alleged illegality of a search can be raised on appeal but not on *habeas corpus*. *Wilhelm v. Warden,* 209 Md. 624, 120 A. 2d 195.

Petitioner further contends that perjured, false, and "absurd" testimony was used against him. The sufficiency of the

evidence and the allegation that perjured testimony has been used cannot be raised on *habeas corpus* unless it is shown there was collusion between the State and the witnesses. *Height v. Director,* 209 Md. 647, 120 A. 2d 911. This is not shown in this case.

Petitioner further complains that his counsel failed to call witnesses as requested by him, because his counsel did not think they would be helpful to him. This goes to the competency of counsel which is hereinafter discussed.

Petitioner further contends that promises, inducements, and brutality were used against him by the police officers. Such a contention is pertinent on appeal in testing the voluntariness of the statements or confession but cannot be raised on *habeas corpus. Johnson v. Warden,* 212 Md. 652, 129 A. 2d 84. Furthermore, it does not appear from the record before us that a confession was used against him.

Petitioner further contends that he could not call his attorney. However, the record shows that an attorney was appointed for him and represented him in the trial of the case.

Petitioner says his attorney did not properly represent him. It is not shown that he complained to the court about his attorney. *Canter v. Warden,* 211 Md. 643, 127 A. 2d 139. Unsupported allegations of incompetency of an attorney cannot be a ground for issuance of the writ of *habeas corpus. Johnson v. Warden, supra.* Petitioner's contention that the trial judge would only allow him to answer questions and would not let him speak for himself is an unsupported allegation and not convincing.

As to petitioner's allegation that his lawyer did not come to see him after the trial so he could ask for a new trial, his attorney might well have thought that such procedure was useless.

Petitioner further complains that the State would not allow him to bring out the fact that he had previously been tried on another charge and acquitted. This goes only to the regularity of the trial and cannot be raised on *habeas corpus.* Also, it is difficult to see how such evidence would have helped him.

Petitioner further complains that excessive bail was re-

660

quired of him before trial. After trial and conviction, the question of the amount of bail cannot be raised on *habeas corpus,* in the absence of a pending appeal. *Lievers v. Warden,* 210 Md. 670, 124 A. 2d 844.

Petitioner also complains that his sentences were excessive. The docket entries in these cases show that he was sentenced, dating from September 17, 1956, for robbery with a deadly weapon to 20 years; for assault with intent to murder to 15 years; for burglary to 1 year; and for larceny of an automobile to 4 years, all in the Maryland Penitentiary, all sentences to run consecutively, making a total of 40 years. All of these sentences were within the maximum limits for the crimes for which he was convicted.

*Application denied, with costs.*