## WEBSTER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 33, October Term, 1956.]

*Decided November 1, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Byrnes, who filed an opinion

to the effect that the petitioner's contention "that the weight of the evidence was against the verdict" is not a ground for relief. Code (1951), Art. 42, sec. 5, provides, among other things, that a judge "in refusing to issue, or denying, or granting any writ shall file a substantial but succinct statement, either in writing or by dictation to the stenographer for the court records, *setting forth the grounds of the application, the questions involved, and the reasons of the Court for the action taken.*" (Italics supplied.) We intimated in *Agner v. Warden,* 203 Md. 665, 667, that failure to state the reason for denying a writ might call for a remand of the case. Code (1951), Art. 42, sec. 6, dealing with applications for leave to appeal, provides that if the application is granted "the procedure thereafter shall be in conformity with the rules of the Court of Appeals, and the Court may affirm, reverse or modify the order appealed from, *or it may remand the case for further proceedings * * *.*" (Italics supplied.)

In the instant case the record shows that the petition for a writ set up grounds other than that referred to by Judge Byrnes. Petitioner alleges that he was denied due process and that an element of unfairness entered into his trial before Judge Carter, in the Criminal Court of Baltimore, where he was convicted upon the third count of an indictment, jointly with one Lockner, for larceny of an automobile (unauthorized use) and sentenced to three years in the House of Correction. He alleges that although he is twenty-five years old he is physically handicapped, he is illiterate, and has the mentality of a ten year old child. The petition is signed by mark and is evidently drawn by another hand. He alleges that at his arraignment he told Judge Carter he had no lawyer and was unable to afford one. He asked: "Will I get a lawyer?" and the court said there was no need for one in the case. Petitioner further alleges that Judge Carter then asked him how he pleaded. He replied that he was "guilty of riding in the car" but that he did not know it was stolen, the effect of his statement being that he was not guilty, lacking any criminal intent. However, the court directed the entry of a plea of guilty on the third count, with the remark: "I don't want to hear you say that you

didn't know this was a stolen car—that excuse is used in this court every day, and I don't believe you." Disbelief of the defendant's statement, it is contended, would not justify the entry of a plea of guilty, but would only be relevant if the case had been tried. The petitioner also alleges that at the time of arraignment the trial court referred to his previous conviction of unauthorized use of an automobile, as justifying the entry of the plea, although no evidence was ever taken and his prior record was not properly before the court at that stage of the case.

We think the allegations of the petition, particularly those relating to the mental capacity of the petitioner, should have been considered by Judge Byrnes, in the light of our decision in *Raymond v. State ex rel. Szydlouski,* 192 Md. 602, and cases there cited. We also note that in *Smith v. O'Grady,* 312 U. S. 329, it was held that obtaining a plea of guilty from a man without counsel was a denial of due process under the circumstances of that case. We think the petition on its face properly raised questions of constitutional right that should have been resolved by the judge to whom the petition was referred. The opinion of Judge Byrnes was not in compliance with the statute cited, and in the absence of any applicable rule of this Court dealing with the situation, we are constrained to remand the case forthwith with directions that the writ be issued and a hearing granted to determine whether the allegations are true, and whether there has been a deprivation of due process under the authorities cited.

> *Application for leave to appeal granted and case remanded for further proceedings not inconsistent with the views expressed in this opinion, costs to abide the result.*