WEBSTER *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[H. C. No. 69, October Term, 1956.]

*Decided May 3, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is the second application by the petitioner for the right to appeal to this Court. The first was an application to appeal from the denial of a writ of *habeas corpus;* this is a request for the right to appeal from an order remanding him to the custody of the House of Correction after a hearing by Judge Byrnes as a result of the granting of such a writ. In his first application, the record disclosed that the trial Judge had not fully complied with the statute that requires a substantial but succinct statement by the Court setting forth the grounds of the application, the questions involved, and the reasons of the Court for the action taken. The petitioner alleged he was twenty-five years old, but physically handicapped; that he was illiterate, and had a mentality of a ten-year-old child; that he was unable to obtain a lawyer, and was furnished none at his trial before Judge Carter; that, upon arraignment, he only had said he was "guilty of riding in the car", but the Court entered a plea of guilty upon the third count of an indictment that charged him with the larceny of the use of said automobile; that he was denied due process; and that an element of unfairness entered into his trial. Believing these allegations raised questions of constitutional rights that had not been resolved by the judge to whom the petition had been presented, we remanded the case for further proceedings. *Webster v. Warden,* 211 Md. 632, 126 A. 2d 613.

Judge Byrnes granted a writ of *habeas corpus,* and gave the petitioner a full hearing, at which the petitioner was heard, and a transcript of the record taken at petitioner's trial was introduced. After the hearing, the Judge filed a written opinion in which he stated that the "* * * charges made by Petitioner are completely unfounded. * * * The petitioner is a robust, alert individual with no apparent

physical or mental defect. He answered questions quickly and intelligently. Any inconsistencies in his answers stem * * * from a desire to fortify his contention that he is illiterate and suffers from physical defects. * * *'' After a careful reading of the record, we are in entire accord with Judge Byrnes' findings.

*Application denied, with costs.*