## PARKER *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 96, September Term, 1957.]

*Decided March 24, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Everett E. Parker applies for leave to appeal from his denial of a writ of *habeas corpus* by Judge Digges in the Circuit Court for Prince George's County. He pleaded guilty to the crime of manslaughter before Judge Michaelson in the Circuit Court for Anne Arundel County and was sentenced to ten years' confinement in the Maryland House of Correction.

The grounds that he asserts for the issuance of the writ are many, but may be summarized as follows: (a) that applicant was denied the right to see his family or consult with his attorney; (b) that he was denied the right to see an attorney while being held without charge; (c) that applicant was questioned two days and two nights without sleep, and was forced by the police to sign a confession; (d) that the police told applicant's witnesses not to testify on his behalf, and told them not to appear in court; (e) that the police did not advise applicant of his constitutional rights while questioning him for two days; (f) that the trial court denied applicant the right to testify in his own behalf; (g) that the "State Lawyer" entered a plea of guilty to manslaughter without applicant's consent, although applicant had informed the attorney that he acted in self-defense; (h) that the "State Lawyer" and the trial court denied applicant a jury trial as requested by applicant; (i) that the trial court failed to inform applicant of his rights under the Maryland Declaration of Rights, Articles 21, 22, and 23, and the 5th, 6th and 14th Amendments to the Federal Constitution.

(a) and (b). These complaints are obviously unsound here. The record discloses that the petitioner pleaded guilty and was before the trial judge at the time of his arraignment and when he was sentenced. He failed, however, to bring any such complaint to the attention of the court; and the record discloses that the judge, after interrogation of the petitioner, appointed a competent and experienced member of the bar to represent him. Moreover, if such complaints are to be made, they should be made on appeal and not in *habeas corpus* proceedings. *Hopkins v. Warden,* 213 Md. 634, 636.

(c). This contention may be considered on appeal, but not on a petition for a writ of *habeas corpus. Johnson v. Warden,* 212 Md. 652.

(d). Again, there is no allegation that this matter was called to the trial judge's attention, and the record fails to show that it was. The accused was represented by able counsel, and there is no suggestion that the witnesses were actually summoned, or that the trial judge was requested to have them

summoned for the defendant. *Tabor v. Swenson,* 193 Md. 706, 707.

(e) and (i). It will be noted, in raising this point the petitioner makes no claim that he was *denied* any constitutional right, nor does he contend any ingredient of unfairness entered into his trial, but merely states the police and trial court *failed* to *advise* him of his constitutional rights. This is not a sufficient allegation to form a basis for the granting of the writ of *habeas corpus.* Cf. *Finley v. Warden,* 211 Md. 650, 652.

(f). The record is devoid of any request on the part of the applicant to testify which was refused by the court; besides, it is not essential that testimony be taken after an accused pleads guilty. *Wagner v. Warden,* 205 Md. 648, 652.

(g) and (h). The charges that a guilty plea was entered without the applicant's consent, and that a jury trial was denied him, although he requested the same, are completely unfounded as is shown by an examination of the excerpt from the official record included in these proceedings.

*Application denied, with costs.*