## GARRIGAN *v.* SUPERINTENDENT OF MARYLAND STATE REFORMATORY FOR MALES

[H. C. No. 5, September Term, 1958.]

*Decided November 20, 1958.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant's petition for a writ of *habeas corpus* asserts five grounds for its issuance. These are: first, that the police repeatedly stated "that they would 'have nothing to do' with your Petitioner, either in proving him innocent or obtaining complete data in events surrounding [his] arrest"; second, that his prosecution as a second offender under the narcotics law placed him in double jeopardy by subjecting him to a second punishment for the same offense; third, that the indictment which set out his prior offense as well as the current offense with which he was charged, prejudiced him and prevented his obtaining a fair trial; fourth, that favoritism has been shown to others convicted under the same laws by granting them a conditional commutation of sentence, which constitutes the equivalent of a parole, though parole is denied narcotic second offenders until the minimum sentence has been served; and fifth, that when he expressed a desire to appeal, some unspecified "authorities of the Baltimore City Jail" misinformed him as to the time for appeal, saying that he could not appeal until ninety days after his conviction. He also makes some criticisms of the police for the information of the court, but does not rely upon these in support of his petition.

The applicant's petition was denied by Judge John T. Tucker, sitting in the Baltimore City Court, and the applicant seeks leave to appeal.

The police were not obligated to aid in the applicant's defense. Cf. *Parker v. Warden,* 216 Md. 632, 635, 139 A. 2d 728, where it was held that the police were under no duty to furnish legal assistance to persons under arrest and awaiting trial.

A greater penalty is imposed for a second offense under the narcotics laws than for a first offense, but the punishment is for the new crime only, and a statute providing for a heavier sentence for a second offense is valid. *McDonald v. Massachusetts,* 180 U. S. 311; *Beard v. State,* 216 Md. 302, 313, 140 A. 2d 672.

A form of indictment charging the current offense and alleging the historical fact or facts of one or more prior

offenses is valid. *McCoy v. State,* 216 Md. 332, 140 A. 2d 689.

Alleged favoritism to other prisoners does not make the applicant's imprisonment unlawful.

The remaining ground is misinformation with regard to the time of appeal alleged to have been given the applicant by some unidentified "authorities" of the jail. Judge Tucker's opinion does not deal specifically with this point. We think the jail authorities were under no obligation to furnish legal advice to the applicant, but if any responsible officials did so and if they furnished incorrect advice, and if the applicant reasonably relied thereon and so failed to appeal within the proper time (thirty days), he should be allowed a delayed appeal. We note that he had counsel at his trial, who undoubtedly could have advised him correctly as to the time for appeal. The applicant states that such counsel was not available to him after the trial. The facts with regard to this claim should be determined and the case will be remanded for that purpose. If it should be determined that any responsible State officials did misinform the applicant with regard to the time for appeal, that he reasonably relied upon such erroneous information and that as a result thereof he failed to appeal within thirty days after the date of the judgment against him, a certified copy of such findings should be transmitted to the Clerk of the Criminal Court of Baltimore; and the Clerk should promptly prepare and forward the record in the case to this Court. *Beard v. Warden,* 211° Md. 658, 128 A. 2d 426; *Lloyd v. Warden,* 217 Md. 667, 143 A. 2d 483. See also *Webster v. Warden,* 211 Md. 632, 126 A. 2d 613, and *Hamilton v. Warden,* 214 Md. 633, 136 A. 2d 251.

Since the record now before us contains no allegation of indigence, no question of procedure under Code (1957), Art. 5, Sec. 15A, is now presented.

> *Leave to appeal granted and case remanded for further proceedings in accordance with this opinion; costs to abide the result.*